UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard Michael KING, aka Richard
Hansen, Defendant-Appellant.

No. 74–3486.

United States Court of Appeals,
Ninth Circuit.

Dec. 29, 1975.

Michael S. Hegner (argued), El Cajon, Cal., for defendant-appellant.

John R. Neece, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

OPINION

Before DUNIWAY and WALLACE, Circuit Judges, and SOLOMON, * District Judge.

PER CURIAM:

King was convicted of conspiracy to import five tons of marijuana. We reversed that conviction on the ground that most of the evidence was the product of the illegal interception and recording of conversations over King's telephone. *United States v. King,* 478 F.2d 494 (9th Cir.), *cert. denied,* 414 U.S. 846, 94 S.Ct. 111, 38 L.Ed.2d 94 (1973). King was not retried or reindicted. He then moved pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure for the return of illegally-seized property. He appeals from the denial of that motion and we affirm.

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

King filed no affidavit supporting his motion. His attorney did file an affidavit stating that the return of the seized materials was necessary in order to prepare a civil lawsuit pursuant to 18 U.S.C. § 2520. His first request is for the 600 pages of transcript of the intercepted wire communication on King's telephone, together with all original tapes, transcripts, logs, notes and copies thereof.

Property is to be returned pursuant to a Rule 41(e) motion if the movant can demonstrate that "he is entitled to lawful possession of the property which was illegally seized." King himself has not claimed ownership of the tapes and transcripts of the conversations, nor can he. He is no more the owner of the tapes and transcripts of the conversations made by the government than he is the owner of the mental impressions and memories of the government agents who intercepted the conversations. A Rule 41(e) motion is therefore not available to compel their return.

This does not mean that, under proper circumstances, copies of the transcripts would be unavailable to King in defense of a criminal indictment. Nor do we hold that, upon a proper showing for civil discovery, King could not review or copy part or all of the materials in an action for civil damages for illegal wiretaps pursuant to 18 U.S.C. § 2520. We hold only that he is not entitled to the sole possession of all the records and transcripts pursuant to a Rule 41(e) motion.

Our holding does not jeopardize King's right to privacy. 18 U.S.C. § 2518(8)(a) requires that the tapes be sealed and kept according to the judge's instructions. These conversations obviously included other people and in some instances, King was not even a party to the conversation; if King's motion were granted, their privacy would be jeopardized. The privacy of all is best protected if the tapes remain sealed in the custody of the court.

King also requested the return of vessels, vehicles and other seized items. However, at no time has he filed an affidavit asserting ownership. The affidavit of his attorney does not even allege that King is the owner of this property. The district court is not required to grant a hearing where the allegations, even if proved, would not justify relief. *Cohen v. United States*, 378 F.2d 751, 760 (9th Cir.), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967). Since ownership of the property sought to be recovered is a prerequisite to success on a Rule 41(e) motion, King was not entitled to a hearing on the basis of the papers he submitted.

King claims that he was to prove his ownership at a hearing of his motion but, due to an understandable mixup, he appeared at 2:00 p. m. instead of at 9:00 a. m. when the matter was calendared and when the judge denied the motion without a hearing. King's charge of reversible error rings hollow, however, since he failed to move the district court for reconsideration of the motion.

Affirmed.