Donia SMITH, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 77–1754.

United States Court of Appeals, Ninth Circuit.

Jan. 25, 1979.

Jerrold M. Ladar (argued), San Francisco, Cal., for plaintiff-appellant.

Marilyn E. Brookens (argued), Dept. of Justice, Washington, D.C., for defendant-appellee.

MERRILL and KENNEDY, Circuit Judges, and KING,* District Judge.

PER CURIAM:

In connection with a narcotics investigation of one George Collins and one Maxine Bridges, government agents in 1972 conducted warranted searches of a residence and a bank safety deposit box in Oakland, California. $33,950 in cash was seized. To satisfy income taxes assertedly owed by the two suspects, the government levied on the seized money.

The searched residence was jointly owned by Bridges and Collins. Appellant is the mother of Bridges and lived with her daughter in that residence. The safety deposit box was held jointly in the names of Bridges and appellant.

In March, 1973, appellant made a claim for return of the seized money. The claim was denied and this suit, asserting wrongful levy under 26 U.S.C. § 7426, was brought. Prior to trial appellant moved for return of the money under Rule 41(e) of the Federal Rules of Criminal Procedure, upon the ground that the searches and seizures were in violation of the Fourth Amendment. Ruling on the motion was deferred by the district court until after trial. Trial was conducted and the court found that appellant had no ownership interest in the money. Judgment was rendered against appellant. The court then declined to grant hearing on the motion for return of the money on the ground that appellant lacked standing. This ruling is assigned as error on this appeal. We affirm.

Appellant's position appears to be that her privacy was invaded by searches rendered invalid by improperly obtained warrants. As a result, appellant contends that she has a right to protest that invasion, has standing to assert its illegality, and, if the searches should be held illegal, a right to return of the property wrongfully seized during the searches. The crucial question, it is contended, is not one of ownership of the seized money. Rather, it is whether appellant has suffered injury from wrongful invasion of her privacy. If she has, it is contended, then it necessarily follows that she is aggrieved by wrongful taking and that what was taken should be restored to the place from which it was taken.

We cannot agree. If appellant has suffered injury by wrongful governmental invasion of her privacy, she has her remedy in a civil suit for damages. However, she has no standing to demand the return of that which was seized unless she has a claim of ownership. In absence of such a claim illegality of a search and seizure bestows no right to recover that which was taken. *United States v. King,* 528 F.2d 68, 69 (9th Cir. 1975). The trial established that she was without such a claim. The motion for return presented the same issues as were resolved by trial.

Appellant contends that the court placed an improper burden of proof on her during the course of trial. If any error was committed in announcing the court's view as to burden, it was harmless. Under any view of the law, it must be said that its burden was met by the government. The evidence was overwhelmingly to the effect that appellant had no claim to the money.

Judgment affirmed.

---

* Honorable Samuel P. King, Chief United States District Judge of the District of Hawaii, sitting by designation.