**FORT EUSTIS BOOKS, INC., a Virginia Corporation, Shipyard Books, Inc., a Virginia Corporation, Warwick Theatres, Ltd., a Virginia Corporation, Rose Nickerson, Walter Nickerson, William Eugene Greene, Daniel Dale Zerbe, Mark Warren, Plaintiffs,**

v.

**Robert V. BEALE, and all employees and assigns, City Attorney, City of Newport News, and George J. Mercer, and all employees and assigns, Assistant City Attorney, City of Newport News, and Chief George C. Austin, and all employees and assigns, Chief of Police, City of Newport News, and Lt. J. T. Parker, and all employees and assigns, Lieutenant on the Newport News Police Department, Defendants.**

Civ. A. No. 79–84–NN.

United States District Court,
E. D. Virginia,
Newport News Division.

Oct. 26, 1979.

Gregory B. Blanchard, Kevin P. Shea, McNamara & Shea, Hampton, Va., for plaintiffs.

Robert V. Beale, City Atty., City of Newport News, George J. Mercer, Newport News, Va., for defendants.

## OPINION AND ORDER

CLARKE, District Judge.

The corporate plaintiffs in this case are Virginia corporations engaged in the sale and distribution of "adult" books and films in Newport News, Virginia. The individual plaintiffs are or were officers or employees of these corporations. In this suit under 42 U.S.C. § 1983, the plaintiffs seek declaratory, injunctive, and mandatory relief against the defendants, who include City Attorneys for the City of Newport News, and Newport News police officers. They allege that these defendants have deprived them of their property without due process, as part of an unconstitutional scheme to harass the plaintiffs and to prevent the free exercise of their constitutional rights.

The Complaint alleges that on January 12, 1979, several police officers, accompanied by defendant Mercer, entered the store operated by Shipyard Books, Inc. and seized several projectors and films. On the basis of evidence obtained by this search, plaintiffs Rose Nickerson and Walter Nickerson were arrested on February 16, 1979, and charged with violating sections of the Code of Newport News.

On April 18, 1979, certain of the defendants entered the store operated by Warwick Theatres, Ltd. and confiscated certain projectors and films. This search again led to the arrest of Mrs. Nickerson and Mark Warren, an employee of the theatre, who were charged with violating the Code of Newport News.

A third search was carried out on June 27, 1979, at the store operated by Fort Eustis Books, Inc., during which seven coin machines were removed from the walls and confiscated. Plaintiffs Daniel Zerke and William Greene were arrested as a result of that search and a further action on June 28, 1979. These searches led to the confiscation of projectors, films, coin boxes, magazines and currency. The plaintiffs also allege that on March 8, 1979, Warren was stopped by police officers while driving a vehicle owned by one of the corporate plaintiffs, and that these police officers photographed Warren and the vehicle.

These actions by the defendants, the plaintiffs claim, are part of a continuing scheme of prior restraint, designed to deprive them of their property and to harass, disrupt, and destroy their business, without due process of law, and have caused them irreparable damage. They seek the return of all property seized by the defendants not necessary to the prosecution of criminal actions against them; a declaratory judgment that the defendants have acted unlawfully; and a permanent injunction prohibiting the defendants from continuing this course of conduct and from bringing further criminal prosecutions against the plaintiffs until pending criminal actions against them are brought to final judgment. Plaintiffs, however, do not challenge the constitutionality of the ordinance they were charged with violating. Nor do they deny in this action that the films and books confiscated by the defendants are obscene within the meaning of this ordinance.

The uncontradicted affidavits of the defendants establish that each of the challenged searches was made pursuant to a valid search warrant, issued by a magistrate who viewed the subject films prior to their seizure and found them to be obscene. As a result of these searches and seizures, convictions have been obtained against several of the plaintiffs which they are now in the process of appealing.

The defendants have filed a motion to dismiss and for summary judgment under Rules 12(b)(6) and 56(b) of the Federal Rules of Civil Procedure. They urge that several of the defendants enjoy absolute or qualified immunity from suit under § 1983; that defendant Austin would be held liable only under the doctrine of respondeat superior, which does not apply in actions under § 1983; that the plaintiffs lack standing to sue in this case; and that this suit for injunctive relief is improper and inappropriate under Federal law. This motion is accompanied by various affidavits to which the plaintiffs have failed to respond.

■ The defendants' contention that several of defendants are absolutely immune from this suit is misplaced. While a number of the defendants may enjoy such immunity by reason of their office, this immunity applies only in an action for damages under § 1983. In the present case, the plaintiffs seek only injunctive and declaratory relief, not damages. Therefore, the defendants' claim to immunity is inappropriate. *See Timmerman v. Brown*, 528 F.2d 811 (4th Cir. 1975); *Pope v. Chew*, 521 F.2d 400 (4th Cir. 1975). Similarly, although George C. Austin's lack of direct participation in these events may prevent his liability for damages under § 1983, *see Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977), the supervisory control which he exercises as Chief of Police for the City of Newport News makes him a proper party to a suit to enjoin alleged unconstitutional conduct by the officers under his control.

■ All of the plaintiffs seek an injunction barring the defendants from instigating further searches or additional prosecutions against the plaintiffs until the criminal actions now pending against them are finally concluded. Each of the individual plaintiffs clearly have sufficient standing to seek such a remedy, since criminal prosecutions have been brought or threatened against them all. *See Judice v. Vail*, 430 U.S. 327, 332, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). The potentially devastating effects of such actions on the continuing business of the corporate plaintiffs, as alleged by the plaintiffs, also state adequate injury in tort to provide them with sufficient standing to seek this relief.

■ Nothing in the plaintiffs' allegations, however, warrant the relief requested. There is no indication that any of the searches has been undertaken improperly. To the contrary, the uncontradicted testimony of the defendants reveals that these searches were executed in conformity with the procedures authorized by the United States Supreme Court in *Heller v. New York*, 413 U.S. 483, 492, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973).

■ The plaintiffs contend that these searches were constitutionally deficient because the warrants were issued and the seizures made without a prior adversary hearing. There is no absolute right to such a hearing, however. Where, as here, the "seizure is pursuant to a warrant, issued after a determination of probable cause by a neutral magistrate, and, following the seizure a prompt judicial determination of the obscenity issue in an adversary proceeding is available at the request of any interested party, the seizure is constitutionally permissible." *Heller v. New York*, 413 U.S. at 492, 93 S.Ct. at 2795. In this case, the items were seized only after a warrant was issued by a magistrate who had viewed the films. There is no indication that the plaintiffs ever requested an adversary hearing or that they moved to suppress the items seized on the grounds that they were denied such a hearing. The plaintiffs' allegations that the seizures were invalid are insufficient to withstand the defendants' present motion.

██ Beyond this challenge to the validity of the seizures, the plaintiffs rely upon mere allegations of harassment. The record reveals no factual support for these claims, however. The defendants' unchallenged affidavits indicate that no effort has been made to enjoin these plaintiffs from conducting their business, or to deprive them of their license to pursue that business. Rather than harassing the plaintiffs, the defendants have done no more than enforce the laws of the community in what appears from the scant record to be an orderly and proper manner. The plaintiff has not alleged any facts to support a contrary conclusion.

██ To enjoin the defendants from making further searches of the plaintiffs' premises or from bringing additional criminal actions against them would be an infringement of the State's criminal enforcement mechanism wholly unwarranted by any of the plaintiffs' allegations. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). This line of cases makes clear that federal courts, as a matter of comity and federalism, will not exercise its equity jurisdiction against pending State criminal prosecutions, or threatened prosecutions, in the absence of bad faith on the part of the defendants. *See also American News Co. v. Ladas*, 454 F.2d 1237 (6th Cir. 1972). The record in this case is utterly devoid of any indication of such bad faith.

██ The plaintiffs' request for declaratory relief similarly fails to state a claim sufficient to withstand the defendants' motion for summary judgment. The plaintiffs, as noted previously, allege only that the defendants' actions are intended to harass them and to accomplish a "prior restraint" on their business. They do not challenge the constitutionality of the ordinance which they were charged with violating, nor do they allege in this action that the films and books confiscated were not obscene. For the reasons previously stated, the facts alleged by the plaintiffs, as supplemented by the uncontroverted affidavits of the defendants, reveal only that the defendants have engaged in good faith efforts to enforce the laws of their community and a careful avoidance of conduct constituting a "prior restraint." The plaintiffs cannot rely on their general charges of harassment; they are under an obligation, which they have failed to fulfill, to bring forward facts to substantiate these claims. *Fed.R. Civ.P.* 56(e). Nothing presently in the record supports the plaintiffs' claim for declaratory relief.

██ Turning to the plaintiffs' request for the return of the seized property, we note initially that only those parties claiming a proprietary interest in this property have standing to seek its return. *Cf. United States v. LaFatch*, 565 F.2d 81 (6th Cir. 1977); *United States v. King*, 528 F.2d 68, 69 (9th Cir. 1975). The present record in this case fails to state who are the owners of the seized property. Nor have plaintiffs disclosed in detail what property was taken and which items seized have not been used, or will not be used, in the criminal prosecutions against the plaintiffs. The Complaint does not even allege that the defendants have seized items not necessary for the prosecutions against them. Absent some specific sign that the defendants have seized more items than necessary for the advancement of the criminal prosecutions against the plaintiffs, this action must be dismissed insofar as it seeks restoration of the seized property.

For the foregoing reasons, the defendants' motion for summary judgment is GRANTED insofar as it pertains to the plaintiffs' claim for injunctive and declaratory relief against further searches and seizures, or criminal prosecutions against the plaintiffs. The plaintiffs' request for the return of the seized property is DISMISSED.