**HANPAR, INCORPORATED, t/a TLC Conversation Club, Plaintiff,**

v.

**Officer J. W. ATKINSON et al., Defendants.**

**Civ. A. No. 80–0130–R.**

United States District Court, E. D. Virginia, Richmond Division.

July 30, 1980.

C. B. Neblett, Jr., Baer & Neblett, Richmond, Va., Burton W. Sandler, Towson, Md., for plaintiff.

James E. Moore, Asst. Atty. Gen., Joseph P. Rapisarda, Jr., Asst. County Atty., Richmond, Va., for defendants.

### MEMORANDUM

MERHIGE, District Judge.

Plaintiff, a corporation engaged in the business of providing escort and dating services, seeks an order enjoining Henrico County's Commonwealth Attorney Nance and other named county police officers from prosecuting it or its employees under two Virginia statutes concerning prostitution and bawdy houses.[1] Plaintiff, suing under 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. §§ 1983 and 1985, also seeks a declaration of these statutes' unconstitutionality, an injunction restraining defendants from harassing plaintiff and its employees, an injunction suppressing any use of materials seized during the arrest of plaintiff's employees, and compensatory and punitive damages for injuries allegedly suffered from the arrest of plaintiff's employees and the seizure of its business records. Jurisdiction is properly invoked under 28 U.S.C. § 1343.

Defendants have moved to dismiss the complaint or, in the alternative, for summary judgment. Defendants have separately filed objections to plaintiff's proposed discovery depositions, and to plaintiff's requests for production of documents. The main ground for defendants' motions and objections to discovery is an abstention argument under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); defendants contend that the discovery proposed in the instant action and much of the equitable relief sought herein will interfere with the pending state prosecutions of several of plaintiff's employees under the statutes challenged here.

The facts relevant to defendants' motions and objections are as follows:

Plaintiff, Hanpar, Inc. (hereinafter "Hanpar") operates a business known as The TLC Conversation Club (hereinafter "Conversation Club"), in Henrico County, Virginia. On October 23, 1979, a Hanpar employee was arrested at the Conversation Club and charged with prostitution under Va.Code § 18.2–346. On January 11, 1980,

1. Va.Code § 18.2–346. *Being a prostitute or prostitution.* Any person who, for money or its equivalent, commits adultery or fornication or offers to commit adultery or fornication and thereafter does any substantial act in furtherance thereof, shall be guilty of being a prostitute, or prostitution, which shall be punishable as a Class 1 misdemeanor.

Va.Code § 18.2–347. *Keeping, residing in or frequenting a bawdy place; "bawdy place" defined.* It shall be unlawful for any person to keep any bawdy place, or to reside in or at or visit, for immoral purposes, any such bawdy place. Each and every day such bawdy place shall be kept, resided in or visited, shall constitute a separate offense. In a prosecution under this section the general reputation of the place may be proved.

As used in this Code, "bawdy place" shall mean any place within or without any building or structure which is used or is to be used for lewdness, assignation or prostitution.

this employee was convicted of prostitution in the Henrico County General District Court. On January 18, 1980, another Hanpar employee was arrested at the Conversation Club and charged with prostitution under the same statute. Later that day, Henrico County police officers, named as defendants in the instant suit, returned to the Conversation Club with a search warrant and seized several telephones and certain business records and papers. Further, the officers arrested and charged three additional Hanpar employees with frequenting a "bawdy place" in violation of Va.Code § 18.2–347.

On February 11, 1980, plaintiff filed the instant complaint seeking a preliminary injunction, declaratory judgment, money damages, and the return of the property seized pursuant to the Hanpar employees' arrests. Although the charges against one of the four Hanpar employees were ultimately dismissed, the other three were convicted in the Henrico County General District Court on April 8, 1980, of frequenting a bawdy place in violation of Va.Code § 18.2–347. One of the three employees so convicted was also convicted of prostitution and solicitation of a lewd act. All three employees have appealed their convictions and the appeals are scheduled for trial *de novo* in the Henrico County Circuit Court during August and September of this year.

The parties have argued in support of and opposition to the respective motions. After hearing such oral argument and reviewing the parties' memoranda of law, the Court finds defendants' motions ripe for disposition.

■ Defendants rely on *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), in urging the Court to abstain from hearing plaintiff's case. The Supreme Court in *Younger* held that a federal court should not enjoin a state criminal proceeding begun prior to the institution of the federal suit except where necessary to prevent immediate irreparable injury. A federal injunction will issue only on a "showing of bad faith, harassment, or any other unusual circumstance that would call for equi-

table relief." 401 U.S. at 54, 91 S.Ct. at 755. Thus, under the *Younger* concept of federalism, a federal plaintiff who is the subject of state prosecution may obtain federal injunctive relief only in the rarest of cases. Defendants argue that the injunctive and declaratory relief sought, plus the pretrial discovery proposed by plaintiff, will result in an impermissible interference with the state prosecution of the Hanpar employees.

Plaintiff argues, on the other hand, that *Younger* is no bar to its prayer for equitable relief because it is not a party to any state prosecution as yet, and because its allegations of bad faith harassment by defendants bring this case within the exception to the *Younger* doctrine. Plaintiff contends that abstention would prejudice Hanpar in that it has no standing to challenge the relevant Virginia statutes in the state prosecution of its employees and that its employees have no standing to challenge the seizure of plaintiff's business records.

■ The threshold question presented by defendants' motions thus is whether *Younger* is applicable to plaintiff's case. While defendants concede that plaintiff is not a subject of the state prosecution, they contend that the commonality of interests between Hanpar and its employees requires the application of *Younger* under the Supreme Court's holding in *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). In *Hicks*, a theater owner challenged in federal court a state obscenity statute under which two of his employees were being prosecuted and copies of a film had been seized. The day following service of the federal complaint, state charges were brought against the owner. Although not apparently crucial to the Supreme Court's holding, it was held that the interests of the theater owner and his employees were so intertwined that *Younger* should apply where the federal relief would interfere with the state prosecution. 422 U.S. at 348–49, 95 S.Ct. at 2291–92.

In light of the above–referenced holding in *Hicks*, this Court is of the view that plaintiff's proposed discovery and requested

equitable relief could pose *Younger* problems concerning the pending state prosecution of plaintiff's employees. The Court finds further that no case of bad faith harassment has been established by plaintiff's affidavits which would avoid the *Younger* requirements. *See Kugler v. Helfant*, 421 U.S. 117, 124–25, 95 S.Ct. 1524, 1530–31, 44 L.Ed.2d 15 (1975); *Fort Eustis Books, Inc. v. Beale*, 478 F.Supp. 1170 (E.D. Va.1979). But while the Court finds plaintiff's interests and those of its employees sufficiently intertwined, the Court also is concerned that plaintiff be afforded its day in court to challenge a seizure of its property and a statute under which it has allegedly been threatened with prosecution.

■ The timing of the trial of this matter vis–a–vis the state prosecutions of plaintiff's employees avoids many of the problems alluded to by defendants. The prosecutions of plaintiff's employees will be completed prior to the trial date of this action. A stay in any discovery proceedings until the completion of that prosecution should be an adequate device with which to prevent interference with the prosecutions in the state court. In the event that such a stay prejudices the parties in preparation for the trial of this case, then a continuance of the trial date itself may be necessary. Because plaintiff professes to seek only prospective relief in the form of enjoining the application of the relevant Virginia statutes to it and the use of the seized records against it, a final resolution of this action should have no effect on the state prosecutions. *See Wooley v. Maynard*, 430 U.S. 705, 711, 97 S.Ct. 1428, 1433, 51 L.Ed.2d 752 (1977). Any relief sought which is not prospective in nature but which applies to current or future prosecutions against Hanpar employees is rightfully barred by *Younger* and such supporting causes of action must be dismissed.[2] The employees themselves are in a much better position to challenge

the statutes and evidence against them in the state proceedings.

The Court is aware that certain disclosures pursuant to pretrial discovery might indirectly affect the final disposition of the state prosecutions. The Supreme Court in *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), held that, in a civil context, federal post–trial intervention "in a fashion designed to annul the results of a state trial" was barred by the principles of equitable restraint enunciated in *Younger*. 420 U.S. at 609, 95 S.Ct. at 1210. While the Court does not foresee the potential for this kind of post–trial intervention in the instant case, the Court will nonetheless consider a stay of all proceedings in this case at any time upon a showing by defendants that pre–trial discovery or resolution of the issues will effectively annul the results of the pending state prosecutions.

■ With regard to plaintiff's claims for monetary damages under 42 U.S.C. § 1983, *Younger* presents no bar. However, such a claim against defendant Nance, the Commonwealth's Attorney, is barred by the doctrine of absolute prosecutorial immunity under *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Plaintiff's allegations of prosecutorial misconduct address acts within the scope of Nance's prosecutorial duties for which he is absolutely immune. Plaintiff's claims for monetary relief against defendant Nance will therefore be dismissed.

■ Finally, the Court must dismiss plaintiff's claim premised upon 42 U.S.C. § 1985. A § 1985 claim requires some type of class–based animus behind the alleged conspiratorial action. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). The allegations concerning defendants' attempts to drive plaintiff out of business contain no suggestion of

---

**2.** Causes of action which are barred by *Younger* are plaintiff's requests for (1) an injunction restraining defendants from prosecuting plaintiff's employees; (2) an injunction restraining defendants from enforcing the relevant Va. Code sections against plaintiff's employees; (3)

an injunction suppressing the use of seized materials against persons other than plaintiff; and (4) a declaration that the Va.Code sections challenged herein are unconstitutional as applied to plaintiff's employees.

**116**

the kind of discrimination required under § 1985. Therefore plaintiff's § 1985 claim must be dismissed for failure to state a claim upon which relief may be granted.

An appropriate order shall issue.