650 F.2d 944
 81-2 USTC P 9573
 AL-KIM, INC., Ba'Ha', Inc., Blusea, Inc., Lazy Two T Ranch,
Inc., Melburne Valley Properties, Inc., Nev-Ore, Inc., Roke,
Inc., Sun-N-Sea, Inc., Tara Land, Inc., Timlar, Inc., and
Tunzi, Inc., all the foregoing incorporated under the laws
of the State of Nevada, Plaintiffs-Appellants,
v.
The UNITED STATES of America, Jack W. Kiner, S. K. Causley,
Robert Yakerson, William R. Taylor, William Van Hoven, Harry
L. Toyne, W. G. Maklin, Park W. Loy, Lawrence J. Thoman,
Security National Bank of Nevada, Georgia-Pacific
Corporation, California Canners and Growers, First American
Title Company of Mendocino County, the United States Postal
Service, Belcher Abstract and Title Company, and Doe One
Through Doe Fifty, inclusive, Defendants-Appellees.
 No. 77-2421.
 United States Court of Appeals,
Ninth Circuit.
 Oct. 11, 1979.
As Amended on Denial of Rehearing and Rehearing En Banc Jan. 16, 1981.
 
 John R. Bernard, Stokes, Clayton & McKenzie, San Francisco, Cal., for plaintiffs-appellants.
 Stephen V. Novacek, Hale, Belford, Lane & Peek, Reno, Nev., M. Carr Ferguson, Stanley S. Shaw, Jr., Tax Div., Dept. of Justice, Washington, D. C., for defendants-appellees.
 Appeal from the United States District Court for the District of Nevada.
 Before CHOY and ANDERSON, Circuit Judges, and INGRAM,* District Judge.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 This action was commenced on December 15, 1975, by eleven Nevada corporations as plaintiffs against the United States of America, seven named Internal Revenue Service agents, five debtors of the plaintiffs, and two title companies.[1] In their complaint, the plaintiffs alleged that the federal defendants, with the aid of the other defendants, conspired to harass them in an attempt to dissuade them from doing further business with one Theodore Watkins.[2] The alleged harassment consisted of the federal defendants filing liens and serving levies which designated the plaintiffs as the alter egos, nominees, or transferees of the actual delinquent tax debtors.[3] As a result of these actions, the plaintiffs alleged that they had been unable to convey certain unspecified real property because the "honoring defendants," the debtors of the plaintiffs and the title companies, had honored these notices of lien and levies.
 
 
 2
 On May 28, 1976, the District Court for the District of Nevada heard the plaintiffs' motion for preliminary injunction, and motion to dismiss filed by certain of the defendants.[4] The District Court on February 2, 1977, entered an order denying the motion for injunctive relief; dismissing the action as to all defendants except the United States and the Security National Bank of Nevada for failure to state a claim, lack of jurisdiction, and improper venue;[5] and dismissing the complaint with leave for four of the plaintiffs to file an amended complaint.[6] All plaintiffs join in filing a notice of appeal on April 1, 1977, and we have jurisdiction under 28 U.S.C. § 1292(a)(1).[7]
 
 
 3
 On appeal the appellants argue that (1) they are entitled to injunctive relief under 26 U.S.C. § 6213; (2) jurisdiction was improper under 26 U.S.C. § 7426, and therefore the granting of the defendants' motion for partial summary judgment was also improper; and (3) even if jurisdiction was proper under 26 U.S.C. § 7426, they are still entitled to injunctive relief. We disagree.
 
 26 U.S.C. § 6213
 
 4
 Section 6213 provides that before the IRS can assess a deficiency, it must send a notice of deficiency to the assessee. The assessee then has 90 days in which to petition the Tax Court for redetermination of the deficiency. During that 90-day period the IRS cannot levy or proceed in court to collect the claimed deficiency. If the IRS makes "such assessment or (begins) such proceeding or levy during the time such prohibition is in force (the IRS) may be enjoined by a proceeding in the proper court."
 
 
 5
 The appellants claim that they have never received deficiency notices, and that the IRS should therefore be enjoined from collecting or attempting to collect a deficiency pending compliance with the notice provision. In essence, the appellants are arguing that they are entitled to contest the merits of the tax assessment. We find such an argument to be without merit.
 
 
 6
 Neither the Internal Revenue Code nor the decisions of this court support any right of third parties to contest the merits of a tax assessment.[8] In Graham v. United States, 243 F.2d 919, 922 (9th Cir. 1957), this court stated:
 
 
 7
 "We believe that only the taxpayer may question the assessment for taxes, and assert noncompliance by the Commissioner in sending the taxpayer a notice of deficiency by registered mail. * * * This right to review the tax deficiency assessment seems to us to be peculiarly personal to the taxpayer, and equally so, it would seem, is the right to show noncompliance by the Commissioner in mailing to taxpayer the 90 day letter, which is to give taxpayer the opportunity, if he wishes, to review the assessment. A tax assessment may not be collaterally attacked. (citations omitted). Equally, we do not believe (that) the Commissioner's compliance or non-compliance with the statute in mailing the 90 day letter should be subject to collateral attack, especially by a third-party, non-delinquent taxpayer."
 
 
 8
 As a result, we conclude that the appellants were properly denied injunctive relief under 26 U.S.C. § 6213.[9]
 
 26 U.S.C. § 7426
 
 9
 Section 7426, Civil Actions by Persons Other than Taxpayers, was enacted by Congress to protect the rights of property owners whose property rights were unfairly injured by the levy or sale of the property of others.[10] The appellants, however, argue that section 7426 is applicable only in situations where there has been a mistaken or inadvertent seizure by the IRS. They therefore argue that section 7426 does not apply here, since the seizures by the IRS were intentional. We find their argument without merit.
 
 
 10
 Under section 7426 no action by a non-taxpayer can lie unless the levy or sale has been wrongful. The legislative history of this Act makes clear the meaning of "wrongful":
 
 
 11
 "The bill makes provision for three new types of actions all of which may be brought only in Federal district courts. First, where a person claims the Government wrongfully levied upon his property to satisfy the tax liability of another, the bill provides that he may bring suit against the Government. 'Wrongful,' as used here, refers to a proceeding against property which is not the taxpayer's." (Emphasis added) U.S.Code Congressional and Administrative News, 1966, p. 3751.
 
 
 12
 We find that the district court properly invoked jurisdiction under section 7426.[11] Were the statute to be otherwise construed, the appellants themselves would be without legal recourse, and the government could with impunity seize property of innocent third parties by levy procedures. We do not believe that Congress intended this remedial statute to have the narrow meaning ascribed to it by the appellants.
 
 INJUNCTIVE RELIEF
 
 13
 With respect to the appellants' claim for injunctive relief, we conclude that injunctive relief was properly denied by the district court.
 
 
 14
 The appellants also claim that they are entitled to a preliminary injunction under section 7426. The court below found that since the levies had already been satisfied, injunctive relief was improper.
 
 
 15
 District courts are given wide discretion in granting or denying preliminary injunctions under Fed.R.Civ.P. 65(a). See Miss Universe v. Flesher, 605 F.2d 1130, 1132-1134 (9th Cir., 1979). In the context of suits attempting to restrain the collection of taxes, this discretion is limited by the general policy which disfavors enjoining the taxing authority. See 26 U.S.C. § 7421(a) (anti-injunction statute); see, e.g., Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); Blech v. United States, 595 F.2d 462 (9th Cir. 1979); Schildcrout v. McKeever, 580 F.2d 994 (9th Cir. 1978). One of the prerequisites for obtaining a preliminary injunction is a showing by the movant that irreparable harm would otherwise result. Bob Jones University v. Simon, 416 U.S. 725, 737, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1975); Blech, supra, 595 F.2d at 466. This court reviews the grant or denial of preliminary injunctions under an abuse of discretion standard. Miss Universe, supra, at 1132-1133.
 
 
 16
 The court below did not abuse its discretion. Initially, we note that any injury suffered by the appellants is reparable. If they prevail after a trial on the merits, the district court may either order the return of the property or grant judgment for the amount of the money levied upon. 26 U.S.C. § 7426(b) (2). In view of the wide discretion of the district court, the policy against this type of injunction, and the appellants' failure to show irreparable injury, we conclude that the court below did not abuse its discretion when it denied the appellants' motion for a preliminary injunction.[12]
 
 CONCLUSION
 
 17
 We conclude that the district court was correct in granting the appellees' motion for partial summary judgment and denying the appellants' motion for injunctive relief. Although the result reached today may seem harsh, " . . . we must be certain that a third party does not become prey to the traps and tricks in the tax collector's bag, (b)ut at the same time we must assure the tax gatherer that his gatherings be both speedy and unevadable, . . . ." Moyer v. Mathas, 458 F.2d 431, 435 (5th Cir. 1972).
 
 
 18
 We AFFIRM.
 
 
 
 *
 The Honorable William A. Ingram, United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 Since the commencement of this action, the plaintiffs Lazy Two T Ranch, Inc., Timlar, Inc., and Tunzi, Inc., were voluntarily dismissed. Also, the proceedings against the defendants Georgia-Pacific Corporation and Belcher Abstract and Title Company have been voluntarily discontinued
 
 
 [2]
 The plaintiffs at this time were all tax service clients of Mr. Watkins. Watkins is not a party to this action
 
 
 [3]
 The delinquent tax debtors are not parties to this action
 
 
 [4]
 The evidence offered in connection with the motion for a preliminary injunction was considered by the trial court for the purposes of the motion to dismiss. The motion to dismiss was thus treated by the trial court as a motion for summary judgment under Rule 12, Fed.R.Civ.P
 
 
 [5]
 The United States has waived its sovereign immunity under 26 U.S.C. § 7426(a), and the only levy specified in the complaint was a levy on a bank account at the Security National Bank of Nevada
 
 
 [6]
 The four plaintiffs were Nev-Ore, Inc., Ba'Ha', Inc., Al-Kim, Inc., and Blusea, Inc., whose affidavits in support of their motion for preliminary injunction exhibited the possibility of proper venue in the court's district
 
 
 [7]
 An order of dismissal is not ordinarily an appealable final order; however, such an order is reviewable by an appellate court if necessary to determine a matter which is properly under appeal. 9 Moore's Federal Practice P 110.25(1) (2 Ed. 1974). This is such a case
 In addition, although the trial court did not enter its order dismissing plaintiffs' complaint on a separate document, we are convinced that the district judge viewed the dismissals as final and appealable orders. Accordingly, under the "common-sense" approach of Bankers Trust Co. v. Mallis, 435 U.S. 381, 387, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), we will consider the merits of the appeals from the dismissals without requiring that the plaintiffs return to the district court to obtain judgments which comply with Rule 58, Fed.R.Civ.P. See also State of Alaska v. Andrus, 591 F.2d 537, 539-540 (9th Cir. 1979).
 
 
 [8]
 Under 26 U.S.C. § 6901, the IRS is authorized to collect a tax debt from any entity liable as a transferee of the initial tax debtor. Such transferees are entitled to the procedural protections of 26 U.S.C. § 6213 no less than the original tax debtor. In the present case, however, section 6901 is inapplicable. Although the Commissioner addressed the appellants collectively as "alter egos, nominees, or transferees," he treated them as alter egos or nominees, not transferees
 
 
 [9]
 Contrary to the assertion made by the appellants, we do not feel that this conclusion violates their Fifth Amendment rights. They are not being deprived of their property without due process of law. A constitutionally sufficient remedy exists under 26 U.S.C. § 7426. Cf. Bomher v. Reagan, 522 F.2d 1201, 1202 (9th Cir. 1975) (California summary tax collection procedures which provided for subsequent judicial review held constitutional.) Moreover, since there was no constitutional deprivation, there could be no actionable conspiracy. The trial court therefore committed no error in dismissing the action against the individual IRS agents
 
 
 [10]
 26 U.S.C. § 7426(a) provides as follows, in pertinent part:
 "(1) Wrongful levy. If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate."
 
 
 [11]
 Since the jurisdictional basis was 26 U.S.C. § 7426, the action was proper only in the district where the property was situated at the time of the levy. 28 U.S.C. § 1402(c). The trial court was therefore correct in dismissing the action as to all the defendants except those whose property was seized in Nevada. See Note 6
 In addition, pursuant to 26 U.S.C. § 7426(d), actions against federal defendants are expressly forbidden when a lawsuit is maintained in compliance with that section. We therefore do not believe that the trial court erred in finding that the IRS agents were immune from suit. There is no evidence before us which shows that they did not act in good faith and with reasonable grounds to believe that their actions were appropriate. See Note 9.
 
 
 [12]
 The appellants also claim that their motion for a preliminary injunction was denied because the court below improperly placed the burden on them of proving that they were not the alter egos of the taxpayers. This is the key issue as to whether the levy was wrongful under 26 U.S.C. § 7426
 The government does have the burden of showing the connection between the assets seized and the delinquent taxpayer under section 7426. Flores v. United States, 551 F.2d 1169, 1174-1176 (9th Cir. 1977). This rule allocating the burden of persuasion applies when the section 7426 is adjudicated on the merits (and will at that time apply in the present case). See Flores, supra.
 Nevertheless, this has no bearing here. This issue was before the court on a motion for preliminary relief, not an adjudication of the merits. We found that the appellants had failed to satisfy one of the prerequisites for the issuance of an injunctive relief, that is, 'irreparable injury.' Therefore, we do not reach the question of where the burden of persuasion is placed on this issue when a preliminary injunction is sought under section 7426. If any error was committed by the district court in announcing its view as to burden, it was harmless. Smith v. United States, 590 F.2d 304, 305 (9th Cir. 1979).