**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-56133 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-06084-JFW-MAN |
| v. | |
| CHERYL L. COWLES-REED and RUSSELL H. COWLES, | MEMORANDUM[*] |
| Defendants, | |
| And | |
| MICHAEL L. COWLES, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted August 8, 2014[**]
Pasadena, California

Before: WARDLAW, CALLAHAN, and M. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In this tax collection action, Michael Cowles appeals from the district court's grant of summary judgment in favor of the Government. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

Cowles contends that the district court erred in not permitting him to challenge the amount of the estate's tax liability in this case. But, as the district court correctly concluded, only the estate itself, and not an interested third party, may contest the tax assessment. *See Al-Kim, Inc. v. United States*, 650 F.2d 944, 947 (9th Cir. 1981) ("Neither the Internal Revenue Code nor the decisions of this court support any right of third parties to contest the merits of a tax assessment."); *see also Graham v. United States*, 243 F.2d 919, 922 (9th Cir. 1957) ("[O]nly the taxpayer may question the assessment for taxes."). Here, the Government has sued Cowles in his individual capacity as a surviving joint tenant in receipt of estate property, and the estate is not a party to the litigation. As such, Cowles is a third party with respect to the estate's tax liability, and he may not use this lawsuit as a vehicle for "contest[ing] the merits of [the] tax assessment." *Al-Kim, Inc.*, 650 F.2d at 947. Moreover, the Government's sovereign immunity bars Cowles from seeking a redetermination of the estate's tax liability in this action. *See* 26 U.S.C. § 7422; *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1089 (9th Cir. 2007).

2

Contrary to Cowles' argument, the opportunity to file a refund claim satisfies due process. *See Phillips v. Comm'r*, 283 U.S. 589, 596–97 (1931).

**AFFIRMED.**