WESTGATE–CALIFORNIA CORPORA·
TION, Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 73–3219.

United States Court of Appeals,
Ninth Circuit.

April 10, 1974.

Herbert L. Moody (argued), Tax Div. Dept. of Justice, Washington, D. C., Harry D. Steward, U. S. Atty., Robert Filsin-ger, Asst. U. S. Atty., San Diego, Cal., for defendant-appellant.

Ralph K. Kessler (argued), Mudge, Rose, Guthrie & Alexander, New York City, Friedman, Heffner, Kahn, & Dysart, San Diego, Cal., for plaintiff-appellee.

Charles P. Scully, San Francisco, Cal., amicus curiae for Cal. State Federation of Labor, AFL-CIO.

Before MERRILL, KOELSCH and DUNIWAY, Circuit Judges.

## OPINION

DUNIWAY, Circuit Judge:

On October 19, 1973, the Internal Revenue Service (IRS) acting under 26 U.S.C. § 6861, levied a $4,200,000 jeopardy assessment against appellee Westgate-California Corporation (Westgate), covering Westgate's alleged liability for federal income taxes for the tax periods 1963–67, 1969 and 1970. On October 23, 1973, the IRS filed notices of federal tax liens in several California and Oregon counties where Westgate's properties and assets are located.

After unsuccessful negotiations between the parties, Westgate filed this action on November 15, 1973, seeking to enjoin the IRS from continuing to enforce the liens. Westgate alleged that the Commissioner of Internal Revenue had abused his discretion under 26 U.S.C. § 6325 by refusing to issue a certificate of release or subordination of the liens or a certificate of discharge of any property subject to the liens. On that day, the district court issued an Order to Show Cause why the relief requested by Westgate should not be granted, and set a hearing for November 19. The government responded by filing a motion to dismiss, arguing lack of jurisdiction and failure to state a claim upon which relief could be granted.

Following a two-day hearing, the district court entered an order on November 20 directing the Commissioner immediately to release and discharge all liens which had been imposed upon the

property of Westgate and its subsidiaries. The order also prohibited the IRS from imposing any further liens upon the property of Westgate or its subsidiaries without prior approval of the court. Stay of this order pending an appeal was denied. The government appealed and applied to Circuit Judge Wallace for a stay of the order pending appeal. Judge Wallace directed that the order be stayed until November 26, 1973, pending a determination of the merits of the government's motion by a panel of this court.

Following oral arguments on November 26, we granted the government's motion to stay the district court's order until further notice. At the same time, we directed Westgate to show cause in writing why the district court's order should not be vacated and the action dismissed for want of jurisdiction. We conclude that the November 20 order of the district court must be vacated and the action must be dismissed.

■ The jurisdictional question is whether a district court has jurisdiction to enjoin the IRS from imposing a jeopardy assessment. Three provisions of the Internal Revenue Code are involved. 26 U.S.C. § 7421(a) provides that "[e]xcept as provided in section . . . 6123(a), . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person. . . ." This "pay and sue" rule, which originated in 1867,[1] requires that a taxpayer must first pay an assessment before he seeks judicial review of that assessment.

■ 26 U.S.C. § 6213(a) contains a broad exception to § 7421(a). It provides, in pertinent part:

Within 90 days . . . after the notice of deficiency authorized in section 6212 is mailed . . . , the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. *Except as otherwise provided in section 6861* no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day . . . period, . . . nor, . . . until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.[2] (Emphasis added)

26 U.S.C. § 6861(a) provides:

If the Secretary or his delegate believes that the assessment or collection of a deficiency, as defined in section 6211, will be jeopardized by delay, he shall, *notwithstanding the provisions of section 6213(a),* immediately assess such deficiency (together with all interest, additional amounts, and additions to the tax provided for by law), and notice and demand shall be made by the Secretary or his delegate for the payment thereof.[3] (Emphasis added)

---

1. *See* Act of March 2, 1867, ch. 169, § 10, 14 Stat. 475.

2. In the present case, the taxes allegedly owed by Westgate were imposed under subtitle A (income taxes). When the action was filed, the time within which the Commissioner was required to give notice of deficiency had not expired and no notice had been given. Thus no petition could be, or had been, filed with the Tax Court.

3. The decision of the District Director to make a § 6861 jeopardy assessment is sub-

ject to very narrow review. Transport Manufacturing and Equipment Co. of Delaware v. Trainor, 8 Cir., 1967, 382 F.2d 793; Ginsburg v. United States, 1 Cir., 1960, 278 F.2d 470; Lloyd v. Patterson, 5 Cir., 1957, 242 F.2d 742. *See also* 9 Mertens, Law of Federal Taxation, § 49.145: "It is necessary only that the District Director *believe* that collection of the tax will be jeopardized by delay. The Code grants him a broad discretionary power, the exercise of which is a matter left to his personal judgment and opinion. For this reason the Tax Court and

Westgate argues that these three statutes create the following procedural scheme: Section 6861(a) operates within the procedure of § 6213(a). At most, § 6861(a) authorizes a deviation in the collection process; otherwise, it deals with the identical subject matter of § 6213(a) and is intended to achieve substantially the same result. Moreover, § 6861(a) does not preclude a taxpayer from seeking injunctive relief in the district court pursuant to § 6213(a). It is therefore erroneous to interpret § 6861(a) as preventing the remedy provided in § 6213(a) and reinstating § 7421(a).

■■■ This argument is without merit. First, § 6861(a) does not authorize a deviation from § 6213(a) solely in respect to the collection process; it concerns the "assessment *or* collection of a deficiency" (emphasis ours) and authorizes the IRS immediately to "assess such deficiency. . . ." Second, § 6861 (a) does preclude the taxpayer from seeking injunctive relief under § 6213 (a). Section 6861(a) authorizes the IRS to make a jeopardy assessment "notwithstanding the provisions of section 6213(a). . . ." Moreover, § 6213 (a) grants the district court jurisdiction to enjoin the "ma[king], beg[inning], or prosecut[ion]" of a deficiency assessment with respect to a tax imposed under subtitle A, levy or court proceeding for collection, in three specific circumstances, "[e]xcept as otherwise provided in section 6861. . . ." The jeopardy assessment in the present case was made on October 19, 1973, before Westgate had received a deficiency notice. This falls within the express exception in § 6213(a) to its requirement that no assessment may be made "until

such notice [of deficiency authorized in section 6212] has been mailed to the taxpayer. . . ." Section 6861(b) authorizes the IRS to withhold mailing a deficiency notice for 60 days after the making of the jeopardy assessment.[4] Because § 6861(b) authorizes a procedure different from that authorized in the second sentence of § 6213(a), and because the second sentence of § 6213(a) exempts from its coverage those provisions of § 6861 which are in conflict with it, § 6861 does displace the remedial provisions of § 6213(a) on these facts.[5] Thus § 7421(a) does apply here.

Westgate also makes a statutory construction argument based upon the third sentence of § 6213(a). It is true that this sentence, standing alone, would give the district court jurisdiction to enjoin an assessment, but this sentence does not stand alone. It authorizes an injunction against an assessment only "during the time period such prohibition is in force. . . ." The second sentence of § 6213 dictates that the prohibition was not in force, because § 6861 provides otherwise, and thus the third sentence of § 6213(a) does not create jurisdiction in the district court.

■■■ Westgate also argues that it falls within the narrow exception to the "pay and sue" rule of § 7421(a) recognized in Miller v. Standard Nut Margarine Co. of Florida, 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, and Enochs v. Williams Packing and Navigation Co., Inc., 1962, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292. These cases establish a two-part test which the taxpayer must meet before he may seek an injunction in district court. First, he must show that "it is clear that under no circumstances could the Government ultimately

---

other courts have declined to inquire into the District Director's belief or in any way *to substitute their judgment for the judgment* of the District Director." (Emphasis in original) *But see* Sherman v. Nash, 3 Cir., 1973, 488 F.2d 1081; Iannelli v. Long, 3 Cir., 1973, 487 F.2d 317; United States v. Bonaguro, E.D.N.Y., 1968, 294 F.Supp. 750.

4. "[T]he IRS [has] the power to make the jeopardy taxpayer wait as long as 60 days after the jeopardy assessment for a . . . right to petition to and obtain review by the [Tax Court]." Schreck v. United States, D.C., Md., 1969, 301 F.Supp. 1265, 1271.

5. *Cf.* United States v. Bonaguro, *supra.*

prevail." *Enochs, supra,* 370 U.S. at 7, 82 S.Ct. at 1129. Whether the government has a chance of ultimately prevailing

is to be determined on the basis of the information available to [the government] at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund. *Id.* at 7–8, 82 S.Ct. at 1129.

Second, the taxpayer must show that "there exists special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence. . . ." *Miller, supra,* 284 U.S. at 509, 52 S.Ct. at 263, e. g., that he "would suffer irreparable injury if collection were effected." *Enochs, supra,* 370 U.S. at 7, 82 S.Ct. at 1129.

The only documents in the record before us are Westgate's complaint and several affidavits. These documents allege that as a result of the liens imposed by the IRS under the jeopardy assessment, Westgate "has been unable to obtain badly needed financing and lines of credit from various financial and commercial banking institutions" and "will be rendered insolvent and forced to file a petition in bankruptcy." We assume that this meets the second requirement

of the *Miller-Enochs* test, but need not, and do not, decide that it does.

■■ It is settled that a suit to enjoin the assessment or collection of taxes, in spite of § 7421(a), "may not be entertained *merely* because collection would cause an irreparable injury, such as the ruination of the taxpayer's enterprise." *Enochs, supra,* 370 U.S. at 6, 82 S.Ct. at 1129 (emphasis supplied).[6] Westgate must also establish the inability of the Government to prevail on any valid theory of tax collection.[7] The burden of proof is on the taxpayer. Vuin v. Burton, 6 Cir., 1964, 327 F.2d 967. The complaint, construed in a manner most favorable to Westgate, fails to show that the government cannot establish its claim. Westgate does not even allege that the taxes are not due, nor that the government has acted in bad faith. We cannot infer nonliability of Westgate from the record before us.

■ Westgate also alleged that the District Director of Internal Revenue arbitrarily, capriciously and unreasonably refused to issue any certificates of release, discharge or subordination of the liens, as he is empowered to do under § 6325. We need not decide whether this allegation would permit the court to issue the injunction that it issued, or whether it would support an action to review the District Director's alleged failure to act. This question is moot. Since we heard oral argument, the parties have entered into an "Agreement as to Subordination of Federal Tax Liens." The District Director has acted.

The order appealed from is reversed, and the case is remanded with directions to enter a judgment dismissing the action.

6. Although *Enochs* involved a collection and not an assessment, the Court's rationale applies to both procedures under § 7421(a). The Court stated in dictum that "[t]he manifest purpose of § 7421(a) is to permit the United States to *assess and collect* taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." 370 U.S. at 7, 82 S.Ct. at 1129 (emphasis supplied).

7. Botta v. Scanlon, 2 Cir., 1963, 314 F.2d 392, 394 n. 1.