595 F.2d 462
 79-1 USTC P 9388
 Arthur BLECH, William C. Baker and Janice Y. Baker, Harold
Beral and Hinda Beral, Sherwood C. Chillingworth and Ethel
J. Chillingworth, Frank DeMarco, Jr., and Rosalie DeMarco,
James R. Knapp and Sally D. Knapp, Robert H. Morrison and
Penelope P. Morrison, William D. Ray, George L. Woodford and
Betty D. Woodford, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 75-3819.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 22, 1979.
As Amended March 5, 1979.
 
 Bruce I. Hochman, Beverly Hills, Cal., for appellants.
 Gilbert S. Rothenberg, U. S. Atty., Los Angeles, Cal., for appellee.
 Appeal from the United States District Court for the Central District of California.
 Before ELY and HUFSTEDLER, Circuit Judges, and MUECKE,* District Judge.
 ELY, Circuit Judge:
 
 
 1
 This is an appeal from a judgment dismissing the appellants' complaint on grounds that the District Court did not have jurisdiction to grant the injunctive and declaratory relief that was sought. We affirm.
 
 I.
 
 2
 The appellants are several of the partners in three California partnerships: Triangle Investment Company (Triangle), Partners Investment Company (Partners), and Rectangle Investment Company (Rectangle). Blech, the lead plaintiff-appellant, is a partner in Triangle and the accountant for the partnerships. In October 1974, the Internal Revenue Service (IRS) began an audit of a tax return of Herbert W. Kalmbach and of the information return filed for a law partnership composed of Kalmbach and lawyers named DeMarco, Knapp, and Chillingworth. The audit was conducted initially by Agent Casey and then continued by Agent Weisman. When first auditing the Kalmbach return, Weisman found that this return showed losses and gains from various partnerships of which Kalmbach was a member. From the partnership schedule attached to the return, Weisman discovered that Kalmbach was a partner in Rectangle, Triangle, Partners, and another partnership, Office Building Associates.
 
 
 3
 Weisman first sought the Office Building Associates books and records for 1971, one of the years for which Kalmbach's returns were being audited. Blech, who was also Kalmbach's accountant, complied with the request. Thereafter, Weisman requested that Blech produce the books and records of Triangle and Partners for 1971. Blech refused, asserting that those records had been the subject of a prior IRS examination, and thus, no second examination could proceed without notification in writing that an additional inspection was necessary.[1] According to Blech, the IRS had previously investigated these partnerships. Blech asserts that the Rectangle records had been examined by Agent De La Torre on April 24, 1973.
 
 
 4
 In an affidavit submitted to the District Court, De La Torre stated that he had examined the 1971 tax return of Sherwood Chillingworth (Kalmbach's law partner) and Chillingworth's wife. In attempting to verify a loss shown on that return, De La Torre stated that he inspected the 1971 information return filed for Rectangle. The agent stated, however, that he never requested to examine or examined any books or records of Rectangle.
 
 
 5
 Blech also claims that another IRS agent examined the records of Triangle and Partners during an audit of the return of another of Kalmbach's law partners, James Knapp. In an affidavit submitted to the District Court, IRS Agent Greenberg stated that he was assigned to examine the 1972 joint return of Knapp and his wife. During the audit, the agent needed to determine whether gain reported by Knapp and his wife from the sale of corporate stock held by Partners should be treated as other than long-term capital gain. According to the agent's affidavit, the only items examined in order to ascertain the nature of the gain were certain stockbrokers' sell advices and the Partners' information return for 1972. The agent stated that at no time did he examine other records of Partners or Triangle, nor did he ever have occasion to look at the Triangle partnership information return.
 
 
 6
 Based on his assertions, Blech refused to provide the records of either Triangle or Partners. The IRS declined to issue written notice of a second examination, insisting that no first examination had ever been conducted. Unable to obtain the records and continue the audit of Kalmbach, the IRS served an administrative summons on Blech requesting the production of records relating to Triangle and Partners. Blech formally refused to comply.
 
 
 7
 Faced with an impending April 15, 1975, deadline for making deficiency assessments for the 1971 taxable year, the IRS requested all of the partners in Triangle and Partners to sign a consent form extending the statute of limitations period.[2] Only Kalmbach and his wife agreed to an extension. The other partners refused. Since the deadline was drawing near, the IRS did not seek enforcement of the summons but, instead, issued deficiency notices to the unconsenting partners on April 15, 1975, the last possible day.[3] The IRS has never attempted to enforce the summons.
 
 
 8
 On July 11, 1975, each of the partners served with deficiency notices (not including Kalmbach since he had agreed to the extension) filed a petition with the Tax Court for redetermination. On the same date, the appellants filed their complaint in the District Court. The complaint[4] prayed that the court permanently enjoin the Government from assessing or collecting any tax liability for 1971 and for a prohibition against any further examinations or deficiency notices. In addition the complaint prayed the District Court to strike any deficiency notices that had already issued. The Tax Court petitions also prayed for a similar declaration of relief.
 
 
 9
 The gist of the appellants' complaint in the District Court was that the deficiency notices were invalid because they were based upon an illegal second examination of the books and records of Triangle and Partners, an examination which the appellants contend did not conform with the statutory requirements of the Internal Revenue Code. We are unable to ascertain from an examination of the appellants' complaint just when this alleged second examination occurred. The complaint itself, and the undisputed facts, show that Blech refused to comply with the request to surrender the records to the IRS. The appellants appear to claim that the IRS somehow gained unauthorized access to the records in Blech's office. This assertion is based on appellants' belief that the calculations in the deficiency notices could not have been made without such examination. The Government denies any such unauthorized examination. The complaint also charged that the deficiency notices were arbitrary and discriminatory and were issued only as part of a general law enforcement effort designed to harass and pressure the appellants in regard to non-tax matters. The appellants go even so far as to assert that the audits were generated by political motivations arising out of Kalmbach's association with former President Nixon.
 
 
 10
 The District Court granted the Government's motion to dismiss the complaint, finding that it had subject matter jurisdiction of the suit, but that because of statutory prohibitions it did not have jurisdiction to grant the relief prayed for in the complaint. After entry of judgment, this appeal followed. We affirm the District Court's determination that it lacked jurisdiction to afford the relief sought by appellants.[5]
 
 II.
 
 11
 Appellants' complaint comes face to face with what we consider to be an insurmountable barrier to their suit, the Anti-Injunction Statute of the Internal Revenue Code. In pertinent part the statute provides:
 
 
 12
 (N)o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom the tax was assessed.
 
 
 13
 26 U.S.C. § 7421(a).
 
 
 14
 This provision of the Code "not only prohibits suits to restrain the assessment or collection of a tax, but also prevents the district court from granting such equitable relief." Shannon v. United States, 521 F.2d 56, 58 (9th Cir. 1975), Cert. denied, 424 U.S. 965, 96 S.Ct. 1458, 47 L.Ed.2d 731 (1976). The District Court found that the plain language of the statute prevented it from hearing appellants' case.
 
 
 15
 Appellants attempt to avoid the impact of the Anti-Injunction Statute by arguing (1) that their suit is not one to enjoin the "assessment or collection of (a) tax" and (2) that even if their suit is otherwise prohibited by § 7421(a), they fall within a narrow judicial exception to the statute.
 
 
 16
 We simply cannot accept the appellants' contention, although the contention is ably argued, that theirs is not a suit to enjoin the assessment or collection of a tax. Their complaint prays that the Government "be permanently enjoined from assessing any tax liability for 1971; from re-examination of Plaintiffs' tax returns for the year 1971 and issuance of further statutory notices of deficiency to Plaintiffs for the taxable year 1971." By the complaint's own terms, it falls within the literal prohibition of § 7421(a). Moreover, the complaint seeks an adjudication that the already issued deficiency notices were "illegal, invalid and void." We note, incidentally, that since the time period prescribed by the applicable statute of limitations has expired, the invalidation of these notices would prevent the Government from collecting any unpaid taxes for 1971. In sum, the appellants' suit cannot be reasonably and fairly considered as anything other than a prohibited suit to enjoin tax assessment and collection. To hold otherwise would enable ingenious counsel to so frame complaints as to frustrate the policy or purpose behind the Anti-Injunction Statute, a policy designed by Congress "to (protect) the government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference . . . ." Bob Jones University v. Simon, 416 U.S. 725, 736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). Likewise, this statutory ban against judicial interference with the assessment or collection of taxes "is equally applicable to activities which are intended to or may culminate in the assessment or collection of taxes." United States v. Dema, 544 F.2d 1373, 1376 (7th Cir. 1976), Cert. denied, 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed.2d 539 (1977).
 
 
 17
 Alternatively, the appellants contend that they have shown extraordinary or exceptional circumstances which enable them to assert a judicially created exception to § 7421. This exception was recently restated by the Supreme Court in Bob Jones University v. Simon, supra, 416 U.S. at 737, 94 S.Ct. 2038. There, quoting in part from Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Court wrote:
 
 
 18
 Only upon proof of the presence of two factors could the literal terms of § 7421(a) be avoided: first, irreparable injury, the essential prerequisite for injunctive relief in any case; and second, certainty of success on the merits. Id., at 6-7, 82 S.Ct. 1125 at 1128-9. An injunction could issue only "if it is clear that under no circumstances could the Government ultimately prevail . . . ." Id., at 7, 82 S.Ct. 1125 at 1129. And this determination would be made on the basis of the information available to the Government at the time of the suit. "Only if it is then apparent that under the most liberal view of the law and facts the United States cannot establish its claim, may the suit for an injunction be maintained."
 
 
 19
 416 U.S. at 737, 94 S.Ct. at 2046.
 
 
 20
 The District Court rejected the appellants' attempt to bring themselves within this exception, terming their arguments "speculative" and "specious." We tend to agree with this characterization.
 
 
 21
 As to the first step in the showing required of the appellants, no contortion of the facts will establish irreparable injury if the desired relief is not granted. The filing of petitions in the Tax Court prevents the IRS from assessing the taxes and collecting them, absent jeopardy. There is no indication that a jeopardy assessment has been made or is even contemplated. Consequently, the appellants are in no danger of having to satisfy any additional tax burden. Moreover, any "injury" is eminently reparable. If the notices of deficiency are invalid, then the Tax Court may grant appellants a redetermination. Appellants have an adequate remedy at law, a remedy that they in fact are pursuing.
 
 
 22
 Furthermore, appellants have not satisfied the second step of the so-called exception, i. e., that under no circumstances could the Government prevail. Their attack against the IRS is grounded upon the dual assertions that the deficiency notices were invalid because based on an improper second examination and that the entire tax audit was invalid because of improper motivations. In answer to these contentions, the Government has placed into the record facts that abundantly show a colorable claim. In fact, the record discloses the weakness of the appellants' assertions and supports the Government's claim that it has a substantial likelihood of success on the merits. In these circumstances, the District Court was correct in finding that the appellants failed to satisfy the two-pronged judicial exception to § 7421(a).
 
 
 23
 Since the appellants' complaint falls squarely within the prohibition of § 7421(a) and since, also, the appellants are unable to establish facts sufficient to bring them within the narrow judicial exception to § 7421(a), the District Court was correct in concluding that § 7421(a) bars their complaint and it had no jurisdiction to hear the action nor to grant the relief requested.
 
 III.
 
 24
 The appellants' complaint also asks that the already issued deficiency notices be declared "illegal, invalid and void." Although the complaint makes no reference to the Declaratory Judgment Act, 28 U.S.C. § 2201, the complaint plainly seeks a declaratory judgment as part of the relief. We hold that the specific exception found within § 2201, barring declaratory judgments in respect to federal taxes, precludes the relief sought by the appellants. The reach of this prohibition is as broad as that of 26 U.S.C. § 7421(a). Bob Jones University v. Simon, supra, 416 U.S. at 732-33 n.7, 94 S.Ct. 2038. Accordingly, since appellants' suit falls within this prohibition, the District Court was without jurisdiction to render a declaratory judgment.
 
 
 25
 The District Court correctly concluded that it lacked jurisdiction either to enjoin the tax assessment or to declare the deficiency notices illegal and invalid.
 
 
 26
 AFFIRMED.
 
 
 
 *
 Honorable C. A. Muecke, United States District Judge for the District of Arizona, sitting by designation
 
 
 [1]
 Appellants complain that the Government did not comply with 26 U.S.C. § 7605(b) which provides:
 (b) Restrictions on examination of taxpayer. No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.
 
 
 [2]
 The IRS sought the consents because the examination of the Partners and Triangle partnership returns showed certain losses and nontaxable receipts which the partners, including Kalmbach, had claimed pro rata on their individual returns. Accordingly, until the books and records of the partnerships could be examined, the IRS could not rule on the acceptability of the partners' individual returns. Even though only Kalmbach was being audited for 1971, a change on his return caused by an IRS challenge to Triangle and Partners transactions would have probably had a chain reaction effect on the individual returns of all the individual partners, whether or not they were, originally, objects of the audit
 
 
 [3]
 The deficiency notices were based upon the disallowance of certain losses claimed by Triangle and Partners. The losses of the partnerships, and thus the pro rata losses claimed by each partner, were disallowed for lack of substantiation because the records of Triangle and Partners had not been produced for verification during the course of the Kalmbach audit
 
 
 [4]
 The appellants' complaint reads in significant part:
 
 
 [1]
 That the proceedings initiated by Defendant to assess and collect income taxes for 1971, as set forth in the statutory notices of deficiency . . ., be stayed pending the outcome of this action;
 
 
 [2]
 That the statutory notices of deficiency . . . be held illegal, invalid and void and the Defendant and his agents be permanently enjoined from assessing any tax liability for 1971; from re-examination of Plaintiffs' tax returns for the taxable year 1971 and issuance of further statutory notices of deficiency to Plaintiffs for the taxable year 1971
 
 
 [5]
 Since we affirm the District Court's conclusion that it lacked jurisdiction to grant the injunctive and declaratory relief sought by appellants and that, therefore, dismissal was proper, we find it unnecessary to make a detailed exploration in respect to the District Court's finding that it had subject matter jurisdiction of the suit. Our tentative view is that the court had no such jurisdiction