Gordon A. BORMAN, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 79–C–261.

United States District Court, E. D. Wisconsin.

Dec. 13, 1979.

Gordon A. Borman, Milwaukee, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty., Milwaukee, Wis., and Allan B. Goldstein, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on cross-motions for summary judgment. For reasons which follow, the defendant's motion will be granted, the plaintiff's motion will be denied, and the complaint will be dismissed.

The plaintiff is an income tax return preparer against whom the defendant assessed a twenty-five dollar penalty because the plaintiff failed to sign a tax return he prepared on the line provided for his signature. The penalty was imposed pursuant to a Treasury regulation, 26 C.F.R. § 1.6695–1(b)(1), which was promulgated under section 6695(b) of the Internal Revenue Code, 26 U.S.C. § 6695(b). The plaintiff concedes that he inadvertently neglected to sign the return in question; however, he argues that the regulation requiring that he manually sign the return is not authorized by statute and that the statutorily mandated penalty is unconstitutional.

The statute in question, 26 U.S.C. § 6695(b), provides:

"Any person who is an income tax return preparer with respect to any return or claim for refund, who is required by regulations prescribed by the Secretary to sign such return or claim, and who fails to comply with such regulations with respect to such return or claim shall pay a penalty of $25 for such failure, unless it is

shown that such failure is due to reasonable cause and not due to willful neglect." The Treasury regulation cited above, which implements this statutory provision, provides that an income tax return preparer "shall manually sign the return . . . ." Since there is no dispute that the plaintiff's failure to sign the return was not due to reasonable cause, the sole question is whether the regulatory and statutory provisions are lawful.

Since Congress contemplated that the Secretary would require tax return preparers "to sign" the returns they prepare, the regulation cited above which accomplishes this purpose is consistent with the statute and therefore must be upheld. *Commissioner v. South Texas Lumber Co.,* 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948). Moreover, the congressionally imposed $25 penalty for a tax return preparer's failure to sign the return as required by regulation is a necessary and proper exercise of Congress' constitutional power to levy taxes; accordingly, the penalty will not be invalidated unless it offends a specific constitutional provision. *McCulloch v. Maryland,* 17 U.S. (4 Wheat.) 316, 421, 4 L.Ed. 579 (1819). The penalty does not violate any of the constitutional provisions the plaintiff has cited, nor does it violate any other constitutional inhibitions. Thus, the $25 penalty imposed upon the plaintiff for his failure manually to sign the return he prepared must be upheld.

Therefore, IT IS ORDERED that the defendant's motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's motion for summary judgment be and hereby is denied.

IT IS FURTHER ORDERED that the complaint in this case be and hereby is dismissed.