James J. O'BRIEN, on behalf of himself and all others similarly situated, Plaintiff,

v.

T. Blair EVANS, individually and as District Director, Internal Revenue Service, Portland, Oregon; Roger Steele, individually and as Chief, Service Examination Branch, Western Region; John Doe, individually and as Chief, Compliance Division, Internal Revenue Service, Western Region, Defendants.

Civ. No. 82–6215–E.

United States District Court, D. Oregon.

Jan. 28, 1983.

Thomas D. Kershaw, Klamath Falls, Or., for plaintiff.

Charles H. Turner, U.S. Atty., Portland, Or., G. Scott Nebergall, Tax Div., Dept. of Justice, Washington, D.C., for defendants.

OPINION and ORDER

JAMES M. BURNS, Chief Judge:

The plaintiff, James O'Brien, seeks injunctive and declaratory relief from the Internal Revenue Service's assessment of a $500 penalty for filing a false exception certificate. He wishes to represent all others similarly situated. Fed.R.Civ.P. 23.

This matter is before me to review Judge Hogan's findings and recommendation to dismiss the case for lack of subject matter jurisdiction. 28 U.S.C. § 636(b)(1). The plaintiff objects. *Id.* § 636(b)(1)(C). I reach the same destination as did Judge Hogan, though I travel on a somewhat different roadway.[1] As a result, at the end of the trip, I approve and accept Judge Hogan's recommendation to grant the Government's motion to dismiss.

O'Brien is a logscaler in Klamath Falls, Oregon. On February 1, 1982, O'Brien filed an IRS Form W–4 with his employer, Weyerhaeuser. If the IRS accepts the W–4, it exempts the taxpayer from withholding. To be exempt, O'Brien had to establish he paid no income tax in 1981 and would likely pay none in 1982.

On May 14, 1982, the IRS rejected O'Brien's W–4 and instructed Weyerhaeuser to withhold federal taxes from O'Brien's wages. At the same time, the IRS assessed O'Brien a civil penalty of $500 for providing

1. Judge Hogan appears to have interpreted O'Brien's action as one to compel the IRS to allow his exemption certificate. If that had been the case, O'Brien's action would be barred by *Stonecipher v. Bray,* 653 F.2d 398 (9th Cir. 1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982).

false information about withholding. 26 U.S.C. § 6682(a).[2] Section 6682(a) reads:

"In addition to any criminal penalty provided by law, if—

(1) any individual makes a statement under section 3402 which results in a decrease in the amounts deducted and withheld under chapter 24, and

(2) as of the time such statement was made, there was no reasonable basis for such statement,

such individual shall pay a penalty of $500 for such statement."

O'Brien challenges the constitutionality of section 6682 on three grounds:

(1) Penalizing one for making a baseless statement to the IRS burdens one's freedom of expression, U.S. Const. amend. I;

(2) Without an administrative appeal, the IRS's discretion to determine whether a statement has a reasonable basis violates due process, U.S. Const. amend. V; and

(3) The IRS's discretion to determine whether a statement has a reasonable basis violates separation of powers principles, U.S. Const. art. III, § 1.[3]

This court lacks jurisdiction to hear this case.

■ 1. The Anti-Injunction Act, 26 U.S.C. § 7421(a), prohibits a court to restrain "the assessment and collection of any tax ...." O'Brien contends the Anti-Injunction Act does not apply to his suit because he seeks to enjoin a penalty rather than a tax. I disagree.

Section 6682 is not the subject of any reported decisions. It is, however, part of subchapter B of chapter 68 of the I.R.C., which sets forth the code's penalty provisions. 26 U.S.C. §§ 6671–6699. Therefore, cases construing other provisions in the subchapter are instructive here. In this regard, penalties assessed for failure to pay taxes are considered taxes. *Shaw v. United States,* 331 F.2d 493, 496 (9th Cir.1964)

(Anti-Injunction Act prohibits court to enjoin assessment of a penalty pursuant to 26 U.S.C. § 6672). So are penalties assessed against tax preparers who fail to include their Social Security numbers on returns prepared for others. *Crouch v. C.I.R.,* 447 F.Supp. 385, 386 (N.D.Cal.1978) (Anti-Injunction Act bars suit enjoin the assessment of penalty pursuant to 26 U.S.C. § 6695(c)); *accord, Powell v. Kopman,* 511 F.Supp. 700, 703 (S.D.N.Y.1981); *see Professional Engineers, Inc. v. United States,* 527 F.2d 597, 599 (4th Cir.1975) (Anti-Injunction Act bars suit to challenge constitutionality of provisions authorizing the IRS to impose penalties for untimely filing).

Section 6671 of Title 26, entitled "Rules for application of assessable penalties," provides:

(a) Penalty assessed as tax.—The penalties and liabilities provided by this subchapter [B] shall be paid upon notice and demand by the Secretary or his delegate, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title [26 U.S.C.] to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

The Congressional intent evidenced in section 6671 appears to be to treat all penalties imposed by subchapter B in the same manner as taxes insofar as concerns their assessment and collection. In light of section 6671, I find unconvincing O'Brien's analogy of this penalty provision to regulatory taxes, such as liquor and drug taxes, to which the Anti-Injunction Act does not apply. *See Lipke v. Lederer,* 259 U.S. 557, 562, 42 S.Ct. 549, 551, 66 L.Ed.2d 1061 (1922); *Robertson v. United States,* 582 F.2d 1126, 1127 (7th Cir.1978). Section 6682 is a part of the revenue raising process. The ban against judicial interference with the assessment or collection of taxes is equally applicable to activities that are intended to or may culmi-

---

**2.** On May 24, 1982, O'Brien filed a second W–4, claiming 26 withholding allowances. Weyerhaeuser has ignored this form on orders from the IRS. This W–4 is not at issue in this case.

**3.** Assuming the constitutional validity of section 6682, O'Brien contends the IRS abused its discretion in determining his statement was without a reasonable basis.

nate in the assessment or collection of taxes. *See Blech v. United States,* 595 F.2d 462, 466 (9th Cir.1979). To enjoin the assessment of the penalty in this case would "interfere with the flow of tax revenues into the national treasury." Therefore, the Anti-Injunction Act applies to this action.

■ A taxpayer may avoid the literal terms of the Anti-Injunction Act if he can establish (1) irreparable injury, and (2) certainty of success on the merits. *Bob Jones University v. Simon,* 416 U.S. 725, 737, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). This requirement is conjunctive. O'Brien cannot satisfy both prongs of this test.

What the Anti-Injunction Act takes with one hand (equitable relief), it gives with another (a legal remedy). 26 U.S.C. § 7422; 28 U.S.C. § 1346. O'Brien may pay the penalty, then file a claim for a refund of excess taxes paid. *See, e.g., United States v. Molitor,* 337 F.2d 917 (9th Cir.1964); *cf. Wood v. Sargeant,* 694 F.2d 1159 (9th Cir. 1982) (28 U.S.C. § 1341).

There is language in some cases that could be read to mean this "pay and sue" option makes any injury from the assessment reparable. *See Bob Jones University,* 416 U.S. at 746–48, 94 S.Ct. at 2050; *Stonecipher v. Bray,* 653 F.2d 398 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982); *Blech,* 595 F.2d at 467. However, it is not necessary for me to hold a refund suit is always an adequate legal remedy barring equitable relief. *See Westgate-California Corp. v. United States,* 496 F.2d 839, 843 (9th Cir.1974). In *Sipkoff v. Whinston,* 354 F.Supp. 683 (M.D.Pa.1973), the IRS threatened to levy on a taxpayer's assets. The court found irreparable injury because the levy would allegedly have resulted in the taxpayer's insolvency. While waiting for the courts to process his refund suit, the taxpayer stood to lose not only his business but his house and car as well. O'Brien claims he works only sporadically and supports seven dependents. But I need not decide whether these assertions, coupled

with O'Brien's conclusory allegation that paying $500 would do him irreparable harm, establish his entitlement to equitable relief. Even if they do, O'Brien fails to satisfy the second part of the test: certainty of success on the merits.

In determining whether the taxpayer will win, I must view the law and facts in the light most favorable to the Government. *Westgate-California Corp.,* 496 F.2d at 843. O'Brien's contention that section 6682 denies him his free speech rights is sufficiently debatable to foreclose any notion that under no circumstances could the Government prevail. *See Bob Jones University,* 416 U.S. at 749, 94 S.Ct. at 2052. In addition, where, as here, the IRS adequately affords for a later judicial determination of the taxpayer's rights, payment of the penalty before litigation assures the Government of the prompt and effective collection of its revenue and does not violate the taxpayer's due process rights. *Madrigal v. District Director of IRS,* 416 F.Supp. 405, 416 (C.D. Cal.1976); *Powell,* 511 F.Supp. at 703; *Borman v. United States,* 481 F.Supp. 812, 813 (E.D.Wis.1979); *see Stonecipher,* 653 F.2d at 403. The availability of postenforcement review also avoids any separation of powers problem. Congress may vest the initial factfinding duties in the administrative agency.[4]

■ 2. Congress excluded controversies "with respect to Federal taxes" from the scope of the Declaratory Judgments Act, 28 U.S.C. §§ 2201–02. This exception is at least as broad, and, therefore, at least as preclusive of the instant action, as is the Anti-Injunction Act. *California ex rel. Deukmejian v. Regan,* 641 F.2d 721, 723 (9th Cir.1981); *Blech,* 595 F.2d at 467.

3. On these facts, a writ of mandamus is tantamount to an injunction or a declaration of rights. Therefore, the action is barred by the Anti-Injunction Act and the Declaratory Judgments Act. *Dickens v. United States,* 671 F.2d 969, 972 (6th Cir. 1982); *Transport Manufacturing & Equip-*

---

4. O'Brien alleges he paid no income taxes in 1981 and reasonably expected to be laid off much of 1982. This is not sufficient to establish to a legal certainty that the IRS abused its discretion in determining O'Brien had no reasonable basis for those statements.

*ment Co. of Delaware v. Trainor,* 382 F.2d 793, 797 (8th Cir.1967).

The action is dismissed. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.