**Roy J. BURTON, Plaintiff,**

v.

**UNITED STATES of America Internal Revenue Service, Donna Lutz, Revenue Officer, and A.C.D., Inc., a Corporation, Defendants.**

**Civ. A. No. 3–83–0027–H.**

United States District Court,
N.D. Texas,
Dallas Division.

April 9, 1984.

Roy J. Burton, pro se.

William W. Guild, Atty., Tax Div., U.S. Dept. of Justice, Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

This case is before the Court on Defendant United States of America's ("United States") Motion to Dismiss or for Summary Judgment, Affidavit and Memorandum of Law in Support, filed December 20, 1983. Plaintiff has filed no response to the Motion. The Court is of the opinion that it lacks subject matter jurisdiction over this lawsuit. Defendant United States' Motion, therefore, should be granted. On its own motion, the Court also dismisses the action with respect to all other Defendants. Fed. R.Civ.P. 12(h)(3).

### Background

Plaintiff Burton is a resident of the Northern District of Texas. He is employed by Defendant A.C.D., Inc., a foreign corporation that maintains a place of business in Texas. Defendant Lutz is a Revenue Officer employed by the Defendant Internal Revenue Service ("IRS"). Plaintiff's Second Amended Complaint, filed November 28, 1983, seeks judicial review of the Defendant IRS's assessment of a $500 penalty against Plaintiff for making a false statement with respect to withholding. *See* 26 U.S.C.A. § 6682 (West Supp.1983). In July of 1982 Defendant IRS notified Defendant A.C.D., Inc. to disregard the form W–4 submitted by Plaintiff, which contained the alleged false information; at this same time, Defendant IRS notified Plaintiff of the communication to his employer and of its intent to levy a civil penalty of $500.00 against him unless he offered a reasonable basis for the information. Complaint, pp. 2–3. In October of 1982 Defendant IRS informed Plaintiff of the assessment of the penalty; payment was not made, and Defendant IRS began to threaten enforcement action and additional penalties. *Id.*, pp. 3–4. Evidently, Defendant IRS subsequently obtained a tax lien on Plaintiff's property. *Id.*, p. 6.

Plaintiff then initiated this litigation. He claims that the assessment of the penalty and the attendant enforcement actions were unlawful because: (1) Defendant United States has not provided him with the information required by 26 U.S.C.A. § 7429(a) (West Supp.1983); (2) The penalty provided by Section 6682 can be imposed only in addition to criminal penalties; (3) Defendant IRS's actions were in violation

of 26 U.S.C.A. § 3402(n) (West 1979); and (4) Assessment of the penalty without notice and a hearing was in violation of his fifth amendment right of procedural due process and the bill of attainder clause in Article I, Section 9, Clause 3 of the United States Constitution. He seeks declaratory and injunctive relief voiding the assessment and the tax lien, a refund of garnished funds, fees, and costs.

Defendant United States urges that this lawsuit must be dismissed because: (1) the Court has no jurisdiction to enter a declaratory judgment with respect to federal taxes; (2) Plaintiff may not seek a refund without first paying the full amount of the assessment and then filing a claim for refund with the IRS. Defendant has made a factual attack on the issue of subject matter jurisdiction, thereby shifting to Plaintiff the burden of proving, by a preponderance of the evidence, that this Court does have jurisdiction. *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981).

### Analysis

 The law is well-settled that a federal court has no jurisdiction to enter a declaratory judgment with respect to federal taxes. 28 U.S.C.A. § 2201 (West 1982); *Mitchell v. Riddell,* 402 F.2d 842, 846 (9th Cir.1968), *cert. denied,* 394 U.S. 456, 89 S.Ct. 1223, 22 L.Ed.2d 415 (1969); *O'Brien v. Evans,* 560 F.Supp. 228, 230 (D.Or.1983). Nor, under the provisions of the tax code, may a suit to restrain assessment or collection of a tax[1] be maintained in any court. 26 U.S.C.A. § 7421(a) (West Supp.1983).

 The Supreme Court has grafted a judicial exception to Section 7421: a taxpayer may bring a suit for injunctive relief from an assessment only if he shows that: (1) Under the most liberal view of the law and the facts the government cannot prevail; and (2) Special extraordinary circumstances indicate that the taxpayer has no adequate remedy at law. *Enochs v. Williams Packing & Navigation Co., Inc.,* 370

U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). *See also Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). Plaintiff herein has made no such showing; furthermore, in cases presenting nearly identical facts, other courts have dismissed the claims for injunctive relief. *See* cases cited in footnote 1, *supra. See also Riley v. Commissioner,* 566 F.Supp. 21 (S.D.Ohio 1983). Accordingly, this Court has no jurisdiction over Plaintiff's claims for declaratory and injunctive relief, and they must be dismissed.

 The Court is also in agreement with Defendant United States that Plaintiff has not complied with the statutory prerequisite to judicial review of an action for refund. *See* 26 U.S.C.A. § 7422(a) (West & Supp.1983). Before a taxpayer may challenge the correctness of an assessment of a penalty, he must pay the full amount and file a claim for refund with the IRS. *Id.; Flora v. United States,* 357 U.S. 63, 75, 78 S.Ct. 1079, 1086, 2 L.Ed.2d 1165 (1958), *on rehearing* 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960). The uncontroverted record before the Court establishes that Plaintiff has not pursued his administrative remedy. Affidavit of George E. Gasper. Accordingly, this Court has no jurisdiction over his claim for refund. *Flora, supra.*

For all the above reasons, the Court is of the opinion that Defendant United States' Motion should be, and it is hereby, GRANTED. On its own motion, the Court concludes that, for the same reasons, it also lacks subject matter jurisdiction over Plaintiff's claims against the remaining Defendants. *See* Fed.R.Civ.P. 12(h)(3); *Lonsdale v. Smelser,* 553 F.Supp. 259 (N.D.Tex. 1982). Accordingly, all of Plaintiff's claims for declaratory and injunctive relief should be, and each is hereby, DISMISSED with prejudice. Plaintiff's refund claims should be, and each is hereby, DISMISSED with-

---

1. The statutory penalty established by Section 6682 is a "tax" for purposes of the Section 7421(a) prohibition. 26 U.S.C.A. § 6660(a)(2) & 6671(a) (West 1967 & Supp.1983); *Souther v.* *Mihlbachler,* 701 F.2d 131, 132 (10th Cir.1983); *O'Brien v. Evans,* 560 F.Supp. 228, 229 (D.Or. 1983); *Flowers v. Commissioner,* 573 F.Supp. 21, 22 (W.D.Mich.1983).

out prejudice to refiling same after the statutory prerequisites have been met.

This case is therefore DISMISSED without prejudice at Plaintiff's cost.

SO ORDERED.

