**FIRST ATLAS FUNDING CORPORATION, Through its Shareholders, Peter KERSTING, Gabriele Lemond, Heidi Moseley, and Edward Kersting, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 90–3878T.**

United States Claims Court.

May 22, 1991.

Leonard Thomas Bradt, Houston, Tex., for plaintiffs. Matthew K. Chung, Honolulu, Hawaii, of counsel.

Kenneth C. Gobetz, with whom were Asst. Attys. Gen. Shirley D. Peterson, Mildred L. Seidman, and David Gustafson, Washington, D.C., for defendant.

## OPINION

BRUGGINK, Judge.

Plaintiffs are owners of a condominium in Hawaii. The property has been subjected to a notice of a tax lien by the Internal Revenue Service ("IRS"). The lien is directed at the interests of Henry Kersting. He apparently leases the condominium. Plaintiffs contend that Henry Kersting has no fee interest in the real estate which can be levied upon, and that the effect of the lien has been to cloud their title. They therefore brought this complaint, contending that the actions of the IRS constituted a taking without just compensation within the meaning of the Fifth Amendment. In order to give complete relief, they request that the court quiet title to the real estate, and grant injunctive and declaratory relief nullifying the effect of the lien. Defendant has filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim. After oral argument, and for the reasons discussed below, the court concludes that the claims for monetary relief fail to state a claim upon which relief can be granted, and that the court is not empowered to grant the other types of relief sought.

## BACKGROUND

The corporate plaintiff ("First Atlas"), was organized in 1968 in Hawaii. It remained a business corporation until 1977, when its corporate charter was forfeited for non-payment of franchise fees to the state. Under Hawaii law, the shareholders of First Atlas succeeded to ownership of its assets. One of those assets is a condominium in Honolulu. Although record title to the real estate at issue is thus in First Atlas, in fact the co-owners are the four individual plaintiffs.

Henry Kersting, who is not a plaintiff, was the subject of a 1989 tax assessment in the approximate amount of $3.8 million. The assessment was made pursuant to sections 6700 and 6701 of the Internal Revenue Code. (Unless otherwise indicated, all statutory references are to Title 26 of the United States Code.) On September 11, 1990, the IRS filed a tax lien encumbering

the real property owned by First Atlas, on the ground that it was the alter ego for the taxpayer, Henry Kersting. Henry Kersting has never owned shares in First Atlas, has not served on its board of directors, and is not the nominal owner of the real property at issue. The IRS has not yet attempted to enforce its lien by sale.

## DISCUSSION

The complaint urges the court to quiet title to the real property at issue. After determining that Henry Kersting owns no interest in the land or building, the court is then invited to enjoin the United States from enforcing the lien on the grounds that there is no interest to which the lien could attach, or in the alternative, to enter a declaratory judgment that the lien is barred by the applicable statute of limitations, and thus, ineffective. To round out the relief, the court is then requested to award compensation for a temporary taking—for the period prior to removal of the lien.

■ There are a number of reasons why the court cannot entertain this action. To begin with the request to quiet title—such a procedure is available only in the district court. Sections 2409a and 2410 of Title 28 give district courts jurisdiction to adjudicate ownership of real property and the validity of liens, respectively, when the United States is a claimant. No such procedure is available in the Claims Court. Although this court can make factual determinations of title to real property, such determinations must be incident to some other claim over which the court independently may exercise jurisdiction, such as a taking claim. *Oak Forest v. United States,* 23 Cl.Ct. 90, 94 (1991); *see Yaist v. United States,* 228 Ct.Cl. 281, 285, 656 F.2d 616, 620 (1981); *Bourgeois v. United States,* 212 Ct.Cl. 32, 36 n. 1, 545 F.2d 727, 729 n. 1 (1976).

■ Nor does this court have generalized declaratory or injunctive powers. *Bowen v. Massachusetts,* 487 U.S. 879, 905 n. 40, 108 S.Ct. 2722, 2737 n. 40, 101 L.Ed.2d 749 (1988); *United States v. King,* 395 U.S. 1, 2–3, 89 S.Ct. 1501, 1501–02, 23 L.Ed.2d 52 (1969); *Marathon Oil Co. v. United States,* 17 Cl.Ct. 116, 119 (1989). An injunction against enforcement of the lien, or a declaration that the lien is unenforceable is not within this court's specific powers, and is not arguably incident to monetary relief. The claims for declaratory and injunctive relief are therefore beyond the court's jurisdiction.

■ The real question raised by the complaint is whether an action by a third party to challenge a tax lien can be prosecuted under the guise of a taking claim. We find that it cannot. Although it is well-settled that property can be taken by non-physical means, such as through legislative or regulatory actions, physical interference with property is plainly the typical circumstance in which the amendment is implicated. The mere assertion of an ownership interest, however, has been held not to constitute a physical interference with property. *Oak Forest,* 23 Cl.Ct. at 97 n. 4; *see Hilkovsky v. United States,* 205 Ct.Cl. 460, 464, 504 F.2d 1112, 1137 (1974); *Gerlach Live Stock Co. v. United States,* 111 Ct.Cl. 1, 85–86, 76 F.Supp. 87, 97 (1948), *aff'd,* 339 U.S. 725, 70 S.Ct. 955, 94 L.Ed. 1231 (1950). A notice of a lien is fundamentally different than an assertion of exclusive present ownership, conduct which was held to state a claim in *Bourgeois,* 212 Ct.Cl. at 32, 545 F.2d at 727. A lien is not an assertion of adverse title or an actual effort to dispossess. It is merely a means of securing a position as a creditor. *See United States v. Phillips,* 267 F.2d 374, 377 (5th Cir.1959); *In re Hardy Plastics & Chem. Corp.,* 112 F.Supp. 878, 880 (E.D.N.Y.1953). For there to be a taking, there must be other acts suggesting deprivation of access or use. The mere filing of a notice of a tax lien against the property interest, if any, of a taxpayer other than the landowner does not state a claim for a physical taking of property.

■ Nor can the filing of a lien be characterized as a regulatory or statutory taking. The plain assumption behind the Fifth Amendment takings clause is that there must be a fallback remedy when no other

means exists to curb the power of government to take property, or to destroy its value. Here a remedy does exist for both the taxpayer and the third party.[1] The use of tax lien is a well-defined procedure for collecting a tax liability. *See generally* 26 U.S.C. §§ 6321–6327 (1988). As will be discussed below, however, Congress has severely circumscribed the means by which tax liens can be questioned. If this court were to treat a challenge to a lien as stating a colorable claim for a constitutional taking, it would thwart the expectation that the process of challenging the legitimacy of tax liens would be limited to the means afforded by Congress.

■ In order to consider the remedy provided, it is first necessary to discuss another statute, the applicability of which the parties' briefing presumes. Section 7421, the Anti–Injunction Act, states that, except as provided in section 7426(a) (and other unrelated provisions): "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). It is difficult to find a fracture in this impressive wall constructed by Congress. Plaintiffs spy what they refer to as an opening of "narrow scope," however. They contend that the provision does not apply to penalties, and therefore an injunction can issue in this case since sections 6700 and 6701 are denominated as penalty provisions.[2] There are two difficulties with that contention. The first is that the exception to which plaintiffs refer has not

been extended to penalties exacted under sections 6700 and 6701. In *O'Brien v. Evans,* 560 F.Supp. 228 (D.Or.1983), the district court specifically rejected the contention that the Anti–Injunction Act was inapplicable to penalties assessed under chapter 68 (which includes penalties under sections 6700 and 6701). Although the penalty at issue there was different than the one imposed here, the same analysis would apply. Congress appears to wish that, for purposes of assessment collection, penalties under chapter 68 are to be treated like taxes. *O'Brien,* 560 F.Supp. at 229; 26 U.S.C. § 6671(a); *see also National Commodity & Barter Ass'n v. United States,* 625 F.Supp. 920 (D.Colo.1986) (applying Anti–Injunction Act in context of assessment under section 6700).

The second reason the exception does not assist plaintiffs is that section 7421 is, for all practical purposes, superfluous with respect to this court. As discussed above, there is no jurisdiction in this court to grant an injunction under these circumstances, irrespective of section 7421. An exception to the bar, therefore, does not advance plaintiffs' claim.

There is a statutory exception to the Anti–Injunction Act, however, which is relevant in considering plaintiffs' argument that their only remedy to challenge the lien is a suit in this court under the Tucker Act[3] for a taking. Section 7426 specifically authorizes suits by non-taxpayers to challenge a levy as wrongful. Paragraph (a) provides in part as follows:

> (1) Wrongful levy.—If a levy has been made on property or property has been

---

1. Section 2410 of Title 28 permits an individual to bring an action in district court or in state court to quiet title with respect to property as to which the United States has asserted a lien. Defendant suggests that, in light of an amendment to the Anti–Injunction Act to preclude suits by nontaxpayers to restrain collection of taxes, there is a serious question as to whether plaintiffs could proceed under section 2410. *See* Federal Tax Lien Act of 1966, Pub.L. No. 89–719, sec. 110(c), 80 Stat. 1125, 1144. The language of section 2410 nevertheless appears to specifically contemplate application in a context such as the present one:

In actions or suits involving liens arising under the internal revenue laws, the complaint

or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed.

28 U.S.C. § 2410(b). In any event, the proceeding would not be in this court.

2. *See Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, *reh'g denied,* 370 U.S. 965, 82 S.Ct. 1579, 8 L.Ed.2d 833 (1962); *Lipke v. Lederer,* 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061 (1922).

3. 28 U.S.C. § 1491(a)(1) (1988).

sold pursuant to a levy, any person ... who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

26 U.S.C. § 7426(a)(1).

This section authorizes three types of relief. If the property has been wrongfully levied upon, it can be ordered returned. *Id.* § 7426(b)(2)(B). Money relief can be awarded if there are surplus proceeds or if the property has been converted to cash. *Id.* §§ 7426(b)(3), 7426(b)(4). Interest is also available under some circumstances. *See id.* § 7426(g). Relevant to present considerations is paragraph (b)(1), which allows injunctive relief: "If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale." This language would appear to provide a method for plaintiffs to adjudicate the validity of the lien in advance of a sale.

In the absence of the normal indicia of a taking, and in view of the availability of a comprehensive remedy, the court concludes that the filing of a notice of a lien, standing alone, does not constitute a taking.

Plaintiffs' final contention is that there is a line of cases recognizing an alternative to section 7426 in this court through prosecution of a Tucker Act claim based on an implied in fact contract to return monies wrongfully seized. In *Gordon v. United States,* 227 Ct.Cl. 328, 330–38, 649 F.2d 837, 838–43 (1981) our predecessor court did indeed hold that section 7426 did not eliminate the remedy for return of illegally seized monies previously recognized in *Kirkendall v. United States,* 90 Ct.Cl. 606, 613–14, 31 F.Supp. 766, 769–70 (1940). *See also Document Management Group, Inc. v. United States,* 11 Cl.Ct. 463, 466–67 (1987). That line of cases is inapplicable here, however, since nothing has been seized, and since the res at issue is real property, not money.

## CONCLUSION

The first claim of the complaint (taking under color of law without just compensation) must be dismissed for failure to state a claim.[4] The remaining claims must be dismissed for lack of subject matter jurisdiction. The Clerk is directed to enter judgment dismissing the complaint. No costs.

4. In reaching this conclusion, the court relied solely upon the complaint and attachments to it.