106 F.3d 406
 79 A.F.T.R.2d 97-732
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce A. BUNYAN; Jens C. Christensen; Ralph W. Ellis, Jr.;
Sarah R. Johnson; Oscar Laflore, Jr.; Rosa L. Madison;
Randle Outlaw; A.O. Smith; Samuel Vallejo; Jean C. Van
O'Linda, Plaintiffs-Appellants,
v.
Donna HERBERT, in her individual capacity; United States of
America; Franchise Tax Board, State of
California; Phoenix Insurance Company;
Edmund C. Hoy; Ronald Allen,
Defendants-Appellees.
 No. 95-56133.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1996.
Decided Jan. 10, 1997.
 
 Before: HALL, KOZINSKI, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants, a group of participants in a tax shelter, appeal the district court's dismissal of their cross-complaint against the United States and its decision not to withdraw the reference of their bankruptcy cases. We affirm the dismissal of the cross-complaint and dismiss the appeal of the withdrawal decision for lack of appellate jurisdiction.
 
 
 3
 This action arose from state court litigation involving the aftermath of a tax shelter operated by the Berg & Allen law firm. Appellants (defendants in the state action) subpoenaed an IRS attorney for a deposition, and when her superiors did not permit her to appear, filed a cross-complaint against her for civil forfeiture and damages under California law. The U.S. attorney removed the cross-complaint pursuant to 28 U.S.C. § 1442(a)(1). Appellants amended the cross-complaint to include eight claims against the United States for declaratory and injunctive relief, most involving files that had been seized in a criminal investigation of Berg & Allen.
 
 
 4
 The United States moved to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief could be granted. While that motion was pending, the district court granted a motion to withdraw the reference of certain appellants' bankruptcy cases. The court subsequently granted the motion to dismiss, without explanation. It then sua sponte vacated its order withdrawing the reference of the bankruptcy cases.
 
 I. Dismissal of the Cross-Complaint
 
 5
 This court reviews de novo the district court's dismissal for lack of subject matter jurisdiction. Wilson v. A.H. Belo Corp., 87 F.3d 393, 396 (9th Cir.1996). The government claims that the district court lacked jurisdiction because of sovereign immunity, the Tax Anti-Injunction Act, I.R.C. § 7421, and the tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201. We agree. Sovereign immunity clearly bars the claims seeking declaratory judgments that a stipulation on the disclosure of grand jury material remains lawful and binding and that government agents have perpetrated a fraud on the court. On the stipulation claim, courts have held that Fed.R.Crim.P. 6(e)--on which appellants rely--does not waive sovereign immunity. See, e.g., McQueen v. Bullock, 907 F.2d 1544, 1550-51 (5th Cir.1990). If appellants believe there was a disclosure in violation of the stipulation or Rule 6(e), the proper remedy would have been to seek a contempt order. For the fraud on the court issue, appellants point to no statute waiving immunity. As a result, these claims were correctly dismissed.
 
 
 6
 Whether or not the remaining claims fall within the Bankruptcy Code's waiver of sovereign immunity, 11 U.S.C. § 106, they are barred by the Tax Anti-Injunction Act and the tax exception to the Declaratory Judgment Act. These provisions prohibit any suit in any court, other than a suit for refund or redetermination of deficiency, directed at activities that may culminate in the assessment or collection of taxes. See Blech v. United States, 595 F.2d 462, 466 (9th Cir.1979).
 
 
 7
 According to the cross-complaint, the requested injunctions and declarations about the seized files would enable the appellants to continue litigating or relitigate their Berg & Allen-related tax liabilities. They would therefore interfere with the IRS' ongoing efforts to investigate, assess, and collect taxes appellants may owe. It may be that appellants would be entitled to the relief they seek in the proper forum--a suit for redetermination in the tax court or for refund in the district court--although it appears that at least some of them have already had that opportunity. Outside those forums, however, the desired relief is unavailable.
 
 
 8
 Similarly, the tax exception to the Declaratory Judgment Act bars the claim for a declaration that Temporary Treas.Reg. § 1.163-9T(b)(2)(i) is invalid. Finding a regulation invalid might be proper as part of a suit for redetermination or refund or a proceeding under Section 505 of the Bankruptcy Code to determine the amount or legality of a particular tax. But the tax exception prohibits a stand-alone suit to invalidate a regulation.
 
 II. Withdrawal of the Reference
 
 9
 The decision not to withdraw the reference of a bankruptcy case is not a final order appealable under 28 U.S.C. § 1291. See In re Chateaugay Corp., 826 F.2d 1177, 1179-80 (2d Cir.1987); Packerland Packing Co. v. Griffith Brokerage Co (In re Kemble), 776 F.2d 802, 806 (9th Cir.1985). Furthermore, appellants make no showing that the collateral order doctrine, as discussed in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), allows an appeal in this case. In particular, there is no risk of important loss if immediate appellate review is not available, and nothing prevents appellants from pursuing any remedy they may have in the bankruptcy court. As a result, we do not have jurisdiction to review the district court's order.
 
 Conclusion
 
 10
 We affirm the dismissal of the cross-complaint against the United States. The appeal of the order vacating the decision to withdraw the reference of the bankruptcy cases is dismissed for lack of jurisdiction.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3