**Marilyn PETERS, Petitioner, Claimant,**

v.

**AGENTS FOR INTERNATIONAL MONE-TARY FUND, Internal Revenue Service, District Director, Special Procedures Function Officer and their Principal, Governor of International Monetary Fund a/k/a Secretary of the Treasury, Respondents/Libelants.**

No. CV 95–5556.

United States District Court, C.D. California.

Oct. 2, 1995.

**310**

Marilyn Peters, North Hollywood, California, pro per.

Benjamin Duncan, Assistant U.S. Attorney, Federal Building, Los Angeles, California, for respondents.

COLLINS, District Judge.

## I. Background

According to Respondent INTERNAL REVENUE SERVICE's ("IRS") records, Petitioner MARILYN PETERS, a citizen of California, did not file tax returns for the tax years 1978 through 1981. Duncan Decl. at ¶ 4. In June 1987, the IRS sent Petitioner Statutory Notices of Deficiencies for these tax years. *Id.* The deficiencies were assessed after the expiration of the 90 day period for filing a Tax Court petition pursuant to statutory authority. *Id.* The IRS also found audit deficiencies in Petitioner's tax returns for the tax years 1982, 1983, 1986, 1987, and 1992, and sent Petitioner Statutory Notices of Deficiencies for these years as well. *Id.* at ¶ 5. No United States Tax Court petition was filed on behalf of Petitioner. The deficiencies were assessed after the expiration of the 90 day period for filing a Tax Court petition pursuant to statutory authority. *Id.* On July 5, 1995, the IRS filed a "Notice of Levy on Wages, Salary, and Other Income" against Petitioner for the years 1978 through 1992, for a total of $90,-866.63. Complaint at ¶ 7. On August 18, 1995, Petitioner filed a document entitled "Libel of Review, Answer of Marilyn Peters Complaint of Involuntary Servitude and Peonage. In re all Property and Rights to Property of Marilyn Peters, her Estate and Trust" against "Agents for International Monetary Fund, Internal Revenue Service, District Director, Special Procedures Function Officer, and their Principal, Governor of International Monetary Fund a/k/a Secretary of the Treasury." Petitioner prays for the following relief: return of property and removal of all Notices of Liens on record. Also on August 18, 1995, Petitioner filed an application for an order temporarily restraining the IRS from garnishing her wages. Petitioner attached a certificate of service, stating that copies of the documents filed with the Court were served on Robert Rubin, Secretary of the Treasury; Department of the Treasury, Internal Revenue Service, Van Nuys Office; and Payroll Division, Los Angeles Unified School District. On August 23, 1995, this Court issued a Minute Order requiring the United States to file its Opposition to Petitioner's application for injunctive relief by September 5, 1995. On September 5, 1995, the United States filed its Opposition. Petitioner filed a Reply on September 12, 1995.

## II.  Discussion

### A.  Personal Jurisdiction

██ The United States argues that this Court lacks personal jurisdiction as to the United States and all named federal defendants pursuant to Federal Rule of Civil Procedure 4(i) ("Rule 4(i)").  Rule 4(i) provides, in pertinent part, as follows:

[s]ervice upon an officer, agency, or corporation of the United States shall be effected by serving the United States in the manner prescribed by paragraph (1) of this subdivision and by also sending a copy of the summons and of the complaint by registered or certified mail to the officer, agency, or corporation.

Fed.R.Civ.P.  4(i)(2).  Paragraph (1) of Rule 4(i) provides as follows:

(1)  Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

Fed.R.Civ.P. 4(i)(1).  Thus, because Petitioner's Complaint names both an officer of the United States, i.e., the Secretary of the Treasury, and an agency of the United States, i.e., the IRS, Plaintiff was required to serve the IRS, the Secretary of the Treasury, the office of the United States Attorney for the Central District of California, and the Attorney General of the United States.  However, Plaintiff failed to serve either the United States Attorney for the Central District of California or the Attorney General of the United States.  Accordingly, Respondents were not properly served, and this Court therefore lacks personal jurisdiction as to the United States and all named federal respondents.

### B.  Subject Matter Jurisdiction

In addition to the fact that Petitioner did not properly serve the United States, the Court lacks subject matter jurisdiction over Petitioner's Complaint as well as her application for injunctive relief.  Petitioner's ex parte application for a temporary restraining order, as well as her Complaint for return of property and removal of all Notices of Liens on record, fall squarely within the general prohibition on the injunction of tax collection activities established in the Anti–Injunction Act, 26 U.S.C. § 7421(a).  *See Elias v. Connett*, 908 F.2d 521, 526 (9th Cir.1990); *Roat v. Commissioner*, 847 F.2d 1379, 1383–84 (9th Cir.1988).

██ The Anti–Injunction Act provides, in pertinent part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any· person."  26 U.S.C. § 7421(a).  This "statutory ban against judicial interference with the assessment or collection of taxes 'is equally applicable to activities which are intended to or may culminate in the assessment or collection of taxes.'"  *Blech v. United States*, 595 F.2d 462, 466 (9th Cir.1979) (quoting *United States v. Dema*, 544 F.2d 1373, 1376 (7th Cir.1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed.2d 539 (1977)); *see also Bob Jones University v. Simon*, 416 U.S. 725, 736–738, 94 S.Ct. 2038, 2045–47, 40 L.Ed.2d 496 (1974), *Roat v. Commissioner*, 847 F.2d at 1383–84.·  This ban applies to the tax determination and collection activities of which Petitioner complains.

██ The Anti–Injunction Act's bar ·against judicial interference with the assessment and collection of taxes is absolute unless the taxpayer establishes that (1) the Government could not prevail on the merits of its tax claim under any circumstances, and (2) there

is no adequate legal remedy and, as a result, irreparable injury will be suffered if injunctive relief is not granted. *Bob Jones University,* 416 U.S. at 737, 94 S.Ct. at 2046; *Enochs v. Williams Packing & Navigations Co.,* 370 U.S. 1, 7–8, 82 S.Ct. 1125, 1129–30, 8 L.Ed.2d 292 (1962).

 Petitioner fails to satisfy either of these two prongs. With respect to the first prong, Plaintiff has failed to establish that under no circumstances could the Government prevail on its tax claims against her. The tax deficiencies at issue are the result of the IRS's issuance of Statutory Notices of Deficiency (90 day letters) for the taxable years 1978 through 1983, 1986, 1987, and 1992. Petitioner did not file a petition in the U.S. Tax Court to contest these deficiencies. Pursuant to statutory authority, the IRS assessed the deficiencies after the expiration of the time period for filing such a petition. The statute of limitations on such assessments has not expired. *See* Duncan Decl. Petitioner's sole challenge to the Notice of Levy is that she did not incur an obligation for the tax claimed.

Petitioner also fails to satisfy the second prong of the *Williams Packing* test and, for this reason alone, is barred from seeking injunctive relief. Petitioner could have challenged her tax liability in Tax Court. Having elected not to pursue that legal remedy, she cannot now seek equitable relief. In any event, Petitioner still has an adequate legal remedy available in that she can challenge her tax liability by means of a properly instituted refund suit, after having paid the tax in full, and timely filing a claim for refund.

Petitioner's claim that the challenged actions of the IRS are unlawful does not remove this case from the prohibition against such suits. *Alexander v. "Americans United," Inc.,* 416 U.S. 752, 758–59, 94 S.Ct. 2053, 2057–58, 40 L.Ed.2d 518 (1974). Accordingly, pursuant to the Anti–Injunction Act, the Court lacks subject matter jurisdiction over Petitioner's Complaint as well as her application for injunctive relief.

For the reasons set forth above, the Court hereby ORDERS that Petitioner's application for injunctive relief is DENIED. The Court further ORDERS that Petitioner's Complaint is DISMISSED, with prejudice.

**SO ORDERED.**